JUDGE PETERS
delivered the opinion oe the court.
Whether this domestic trouble and family litigation might not have been avoided and an adjustment effected more satisfactory to the parties by conciliatory conduct and some forbearance toward each other, is a question for the moralist, but which this court can not consider in settling the legal rights of the parties.
Appellee alleges in his petition that. J. W. Holtzclaw, being indebted in the sum of about eleven hundred dollars,
*42 proposed to his sons, William and Alexander Holtzclaw, and appellee, his son-in-law, that if they would advance the money to pay off his indebtedness, he would convey to them his farm in Lincoln County, containing, as appears from the evidence, about two hundred acres, reserving to himself, however, a life-estate in the houses, barn, shop, stables, and adjacent lots; that in May, 1865, appellee and the sons of appellant accepted his proposition, and did advance the money to discharge the debts of appellant; that he at the time owed to Jennings Price about eleven hundred and seventy dollars, being a part of the purchase-price of the land which he proposed to convey to his sons and son-in-law in consideration that they would pay his debts; that appellee furnished three hundred and seventy-three dollars as his part of the debt owing to Price as aforesaid, and he advanced for William Holtzclaw the same amount to pay his one third of the indebtedness to Price, and Alexander Holtzclaw advanced .the sum of three hundred and seventy-three dollars, which amounts were paid to Price and satisfied his debt; that after the payment of the debt to Price, William and John W. Holtzclaw agreed with appellee that William would sell and convey to him his one third interest in said tract of land at the price of thirty-five dollars per acre, together with seven acres and seventeen poles of land, situate on the south side of the Stanford and Lancaster turnpike road; that he complied with said agreement by paying to William Holtzclaw thirty-five dollars per acre for the one third of the tract owned by J. W. Holtzclaw and for the seven acres and seventeen poles of land on the south side of said road, all of which, he alleges, was done with the consent and approbation of the father, J. W. Holtzclaw, the quantity of land thus purchased being seventy-one and a half acres; and that J. W. Holtzclaw, who held the legal title to the seven acres and seventeen poles of land, conveyed the same to him. But he *43 charges that the consideration as expressed in said deed is erroneous; that it was two hundred and fifty-four dollars, and not five hundred dollars, as recited; that the residue of the tract was undivided, but he was placed in possession of two thirds thereof, one third under the original contract with J. W. Holtzclaw, and one third by virtue of his purchase from William Holtzclaw; that he occupied and cultivated the land for one or two years, and demanded a deed for his part thereof, which J. W. Holtzclaw refused to make him.
He alleges that he paid the one third of the debt to Price and the money to William Holtzclaw for his one third of said land in the month of May, 1865, and paid the same under the contract that he was to have two thirds of the farm of J. W. Holtzclaw conveyed to him. He states that at the time the alleged agreements were made it was attempted to reduce them to writing; but, as what was written did not express fully the contracts of the parties, he refused to accept it, and the same has been lost or destroyed.
Appellants deny in their answer that J. W. Holtzclaw ever at any time agreed or contracted to convey to appellee the one third of his land, and both say that the advancement was a gratuity to relieve their father from debt; and as to the alleged contract with William, he (William) admits that he did sell his expectancy in his father’s estate to appellee, and professes a willingness to convey all the interest he has and may have in that estate at his father’s death, resists a rescission of the contract, and insists that appellee is in no condition to rescind, because he has sold and conveyed the seven acres and seventeen poles for which he got a conveyance to a stranger to the transaction, and the parties can not be put in their original condition. But appellants both deny that J. W. Holtzclaw consented to or approved of the sale of one third of his tract of land by William Holtzclaw to appellee, and deny that he ever promised to convey the same to him.
*44 On final hearing, the court below adjudged that the appellee recover of J. W. Holtzelaw $369.91, with interest from the 1st of May, 1866, till paid; and that he also recover of said J. W. Holtzelaw the one third of the tract of land in the pleadings described, to take effect at his death, that being the one third alleged to have been purchased from William; and the master is directed to make the conveyance accordingly. And of that judgment J. W. and Wm. Holtzelaw complain.
It is expressly stated by appellee that the parties attempted to reduce the contracts to writing, but that the writing did not express fully the contract, and he rejected it; so that the judgment of the court therefore is for the specific enforcement of a parol agreement for the sale and conveyance of land, while the party required to convey denies that there ever was such a parol agreement on his part, and when the petition does not directly charge that as to the third adjudged to be conveyed he ever promised or undertook to convey it, and in a case where the statute against frauds and peijuries is relied upon to defeat the relief sought.
That statute requires that agreements for the sale of lands shall be in writing, or some note or memorandum thereof, signed by the party to be charged; and if there be no such writing, no action can be maintained. It was held in Grant’s heirs v. Craigmiles (1 Bibb, 205) the mischief to be remedied is fraud and perjury; the remedy devised by the legislature is a requisition of written evidence. Some judges have thought that another kind of evidence was equivalent to written evidence, such as paying the consideration, being let into possession, making valuable improvements, etc., which are deemed part performance. ■ Now before it can be decided whether an agreement has been in part performed the antecedent questions must be decided; that is, did the plaintiff and defendant agree, and what were the terms of their agreement? Until these questions are settled it can not be affirmed that the one party *45 hath or hath not performed his part of the agreement. And according to the statute these preliminary questions can only be responded to by written evidence.
As therefore there is no written evidence of any agreement on the part of J. W. Holtzclaw to convey the land, the judgment, so far as it requires him to part with any portion of his land, is unauthorized and erroneous.
But how the -controversy should be equitably settled as between William Holtzclaw and appellee we have had great difficulty. After mature consideration, however, we conclude that the contract between them should be rescinded, and that appellee shall account for the value of the seven acres and seventeen poles of land at the date of the contract, and Wm. Holtzclaw should refund to him the amount he received after deducting, the value of the seven acres and seventeen poles of land, with interest at the rate of six per cent per annum from the 4th of February, 1870, the day on which this suit was commenced; and so much of the judgment as adjudges to .appellee $369.91 with interest against J. W. Holtzclaw is approved and affirmed. But the residue of the judgment is reversed on the original appeal, and the cause is remanded with directions to render a judgment in conformity hereto, and affirmed on cross-appeal.