[Crim. No. 239.   Second Appellate District.—May 18, 1912.]

THE PEOPLE, Respondent, v. FRANK GREEN, Appellant.

CRIMINAL LAW—FAILURE OF FATHER TO SUPPORT ILLEGITIMATE CHILD.—
The failure of the father of an illegitimate child to support it does not render him liable to a prosecution under section 270 of the Penal Code, where it is not shown that the defendant ever acknowledged the paternity of the child, or that he ever received it into his home or performed any act tending to show an intent to adopt it as his own.

ID.—DUTY OF MOTHER TO SUPPORT ILLEGITIMATE CHILD.—Under section 196 of the Civil Code the parent entitled to the custody of a child must give him support and education suitable to his circumstances; and since section 200 of the same code provides that the mother of an illegitimate unmarried minor is entitled to its custody, services and earnings, it follows that she has the whole burden of providing it with support, and no duty in that regard rests upon its father which he has not legally assumed.

ID.—ILLEGAL CONVICTION OF FATHER.—It is held that under the evidence the conviction of the father, under section 270 of the Penal Code, for nonsupport of an illegitimate child, is entirely unsupported, and that the judgment of conviction and an order denying a new trial to the father must be reversed.

APPEAL from a judgment of the Superior Court of Riverside County, and from an order denying a new trial. Paul J. McCormick, Judge Presiding.

The facts are stated in the opinion of the court.

Lafayette Gill, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

JAMES, J.—Defendant herein was prosecuted under the provisions of section 270, Penal Code, which declare it to be an offense for a parent to willfully omit to furnish necessary food, clothing, shelter, or medical attendance for his child. The jury returned a verdict of guilty, and defendant, having been sentenced to imprisonment in the penitentiary for a term of one year, has appealed from the judgment and from an order denying his motion for a new trial.

The evidence taken at the trial showed without dispute or conflict that defendant had never been married to nor had he lived with the mother of the child whom he was alleged to have failed to furnish with the necessaries of life, and no contention is made upon this appeal that the child was other than illegitimate. The mother testified that she had held illicit relation with defendant as well as with one other man, not her husband, prior to the birth of the child. Section 270 of the Penal Code seems to have been enacted with the purpose of furnishing a complement to those sections of the Civil Code which determine the obligations of parents to support and maintain their children. By the sections of the Civil Code it is determined what those obligations are, and by the section referred to of the Penal Code it is made a felony for a parent to fail to discharge his duties in those respects. Section 196 of the Civil Code provides as follows: "The parent entitled to the custody of a child must give him support and education suitable to his circumstances. If the support and education which the father of a legitimate child is able to give are inadequate, the mother must assist him to the extent of her ability." By section 200 of the same code it is then provided: "The mother of an illegitimate unmarried minor is entitled to its custody, services, and earnings." It therefore appears that, as the mother of an illegitimate unmarried minor is entitled to its custody, services and earnings, she then has the whole burden of providing it with support and

no duty in that regard rests upon the father. This being the state of the law, it must follow logically that the father of an illegitimate child is not subject to prosecution under section 270 of the Penal Code for a failure to support the minor. It was not shown that the defendant ever acknowledged the paternity of the child, or that he ever received it into his home, or performed any act tending to show an intent to adopt it as his own. It has been held that where a statute required the assent of the parent, if living, to the adoption of a child, the word "parent" as there used was intended to designate only the lawful mother or father, and not the father of an illegitimate minor. (*In re Gibson,* 154 Mass. 381, [28 N. E. 297].) The Massachusetts court in that case said: "There is no reason why the legislature should confer upon the father the right to notice in such cases. He has no right to the custody of the child, or to the use or control of its estate." We are of opinion that the conviction of the defendant under the facts shown in evidence was improper and cannot be sustained.

The judgment and order are reversed.

Allen, P. J., and Shaw, J., concurred.