## Commonwealth v. Ray.

(Decided October 24, 1922.)

### Appeal from Graves Circuit Court.

Parent and Child—Criminal Law—Statute Denouncing Abandonment "of Child" Does Not Include Bastard Child so as to Make Father Liable.—Kentucky Statutes, section 331i-1, making it a

crime for the parent of any child or children to leave, desert or abandon such child, does not include a bastard child, so as to make the putative father liable for its desertion.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellant.

. STANFIELD & STANFIELD for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Bernard Ray was indicted for deserting and abandoning his infant child without making proper and suitable provision for its support. On his motion the Commonwealth was required to file a bill of particulars, to which a demurrer was sustained, and the Commonwealth appeals.

Under the statutes which are now in force, and have been in force for many years, any unmarried woman may go before the clerk of the county court of the county wherein she has been delivered of a bastard child, or of the county of her residence, if she was delivered thereof in another state, and accuse any person of being the father of the child, and it is made the duty of the clerk to reduce her statement to writing. Section 167, Kentucky Statutes. If it appears, upon such examination, that the child is less than three years old, it is the duty of the clerk to issue a warrant, requiring the accused to be arrested and brought before the county judge, who shall require him to give bond for his appearance in the county court of the county in which the warrant was issued and to perform the judgment of the court. Section 168, Kentucky Statutes. If the finding of the jury is against the accused, it is made the duty of the court to make an order requiring the accused to contribute to the support of the child. It is further provided that the accused who has failed to execute the bond before judgment, if he shall be adjudged to be the father of the child, shall thereupon enter into bond with good security, to be approved by the court, conditioned for the payment of the sums adjudged, in such installments as the court shall direct. In case of his failure to enter into such bond, the court shall commit him to jail, there to remain until he shall give such bond, pay the money or be discharged as an insolvent debtor, having first given to the county attorney ten days' notice of his application for such discharge. Section 175, Kentucky Statutes.

It appears from the bill of particulars, which seems to have been agreed to by the parties, that Lena Freeman charged appellee with being the father of her illegitimate child. The charge was sustained and appellee was directed to pay $1,500.00 in yearly installments for the support of the child. Having failed to satisfy the judgment, or to execute the statutory bond, he was ordered into the custody of the jailer and was confined in jail for a period of ten days, when he took the insolvent debtor's oath and was released from jail. On the trial of the bastardy charge, appellee did not deny that he was the father of the child, but refused to testify. Since the judgment of the county court appellee has not contributed anything to the support of the child, and the child has been in the custody of its mother ever since its birth.

The statute under which appellee was indicted is as follows:

"Section 331i-1. The parent of any child or children residing in this Commonwealth who shall leave, desert or abandon said child or children under the age of sixteen years, leaving said child or children in destitute or indigent circumstances and without making proper provision for the board, clothing, education and proper care of said child or children in a manner suitable to the condition and station in life of said parent and said child or children, shall be guilty of a felony and upon conviction thereof shall be punished by confinement in the penitentiary for not less than one year nor more than five years in the discretion of the court or jury trying the case."

The only question for decision is whether or not the statute includes the father of a bastard child. It is a rule of decision in England, as well as the general rule in this country, that the word, "child," means a legitimate child, and does not include a bastard in the absence of express designation, or necessary implication, or circumstances showing a contrary intention; 7 Ves. 458; 31 Ch. D. 542; L. R. 7 H. L. 568; Gardner v. Heyer, 2 Paige (N. Y.) 11; Heater v. Van Auken, 14 N. J. Eq. 159; Thompson v. McDonald, 22 N. C. 463; Gates v. Seibert, 157 Mo. 254, 57 S. W. 1065, 80 A. S. R. 625; Stewart v. Stewart, 31 N. J. Eq. 398; Collins v. Hoxie, 9 Paige (N. Y.) 81; Bennett v. Toler, 15 Grat. (Va.) 588, 78 Am. Dec. 638. Therefore, when we take into consideration the fact that, at the time of the enactment of the statute in question, there was already in force a statute which pro-

vided for judicial proceedings to establish the paternity of a bastard child, and to compel the father to contribute to its support, and the further fact that the statute in question is of a highly penal nature and should be strictly construed, and that it contains no language indicating that the word, "child" was used in any other than its usual and ordinary sense, we conclude that, so far as the father is concerned, the statute does not include a bastard child. It follows that the demurrer to the bill of particulars was properly sustained.

Judgment affirmed.