## Clark's Administratrix v. Campbell.

(Decided January 12, 1926.)

### Appeal from Jackson Circuit Court.

1. **Bastards—Promise of Father to Mother of Illegitimate Child to Provide for Child Out of Estate Unenforceable.—**A promise by a father to the mother of his illegitimate child to provide for child out of his estate is without consideration and cannot be enforced.

2. Bastards—Father's Promise to Provide for Illegitimate Child, in Consideration of Mother's Agreement Not to Prosecute for Seduction, Held Void.—A promise by a father to provide for his illegitimate child out of his estate, made in consideration of mother's agreement not to prosecute father on charge of seduction, is contrary to public policy, and void.

3. Bastards—Promise by Father to Provide for Illegitimate Child in Consideration of Mother's Agreement Not to Bring Bastardy Proceedings Held Valid.—Promise by father to provide for his illegitimate child out of his estate, in consideration of mother's agreement not to institute bastardy proceedings against him, is valid and enforceable.

4. Bastards—Evidence Held to Present Jury Question Whether Father Promised to Support Child in Consideration of Agreement Not to Bring Bastardy Proceedings.—Evidence held to present jury question whether father promised mother of his illegitimate child to provide for child out of his estate, in consideration of mother's agreement not to institute bastardy proceedings against him.

W. E. BEGLEY and THOS. D. TINSLEY for appellant.

LEWIS & LEWIS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Alleging that he was the illegitimate son of W. H. Clark, and that Clark breached a contract whereby he agreed with plaintiff's mother that if she would refrain from instituting bastardy proceedings against him he would support plaintiff and make suitable provision for him out of his estate, plaintiff brought this suit to recover damages. From a judgment in his favor for $5,000.00, the administratrix has appealed.

The facts shown by the evidence are these: Many years ago W. H. Clark taught school near the home of John Campbell, who had a young daughter named Margaret. She and Clark were sweethearts, and it was not long until they became engaged. As a result of the intimacy J. C. Campbell was begotten. Before the child was born she notified Clark of her condition, and he moved to Missouri. About a year later, and before the child was three years of age, he returned to Kentucky. She then informed him of her intention to institute bastardy proceedings against him. He said that if she would not law him he would keep the baby and her and make him a lawful heir just like the rest of the family. Clark never denied that he was plaintiff's father, but admitted the

relation on several occasions and gave him money now and then. When Clark died he had an estate of about $100,000.00, which he devised to his widow and daughter.

It is the rule in this state that the mere promise of a father to the mother of his illegitimate child to provide for the child out of his estate is without consideration and can not be enforced, and that a similar promise made in consideration of the mother's agreement not to prosecute the father on the charge of seduction is contrary to public policy and void. Mercer v. Mercer's Admr., 87 Ky. 30, 7 S. W. 401; Steele v. Crawford, 197 Ky. 798, 248 S. W. 197. However, it is equally well settled that a like promise made by the father in consideration of the mother's agreement not to institute bastardy proceedings against him is valid and enforceable. Lewis v. Creech's Admr., 162 Ky. 763, 173 S. W. 133; Burgen v. Straughan, 7 J. J. Marsh. 583; Clarke v. McFarland, 5 Dana 45; Benge v. Hiatt, 82 Ky. 666, 56 Am. Rep. 912; Stowers v. Hollis, 83 Ky. 544; Puthuff v. Sewards, 9 Ky. L. Rep. 578.

The chief contention is that the evidence was insufficient to show that the agreement in this case was made in consideration of the mother's contract not to institute bastardy proceedings. In this connection our attention is called to the statement of the mother that she intended to law W. H. Clark because he had promised to marry her and would not do so, and to other statements to the same effect. A careful analysis of her evidence, however, shows that in making these statements she was referring to a time before the child was born and not to what occurred after the birth of the child and Clark's return from Missouri. It is true that her statements as to the character of proceedings she intended to institute against Clark were somewhat vague, but she finally stated that she herself informed W. H. Clark of her intention to institute a bastardy proceeding against him at the time he promised to take care of her and provide for the child out of his estate. Not only so, but it was proved by two or three witnesses that Clark stated to them that he had compromised the matter, and by J. C. Campbell that Clark stated to him that he had to compromise or they would have taken bastardy proceedings against him. In view of this evidence we are constrained to hold that it was for the jury to say whether or not Clark promised plaintiff's mother to provide for plaintiff out of his

estate in consideration of her agreement not to institute bastardy proceedings against him.

The instructions are complained of, but on the whole they fairly submitted the issues to the jury.

Judgment affirmed.