## Crabtree v. Commonwealth, by Emily Chism.

(Decided March 5, 1926.)

### Appeal from Monroe Circuit Court.

1. Bastards—Appeal Will Not Lie from Order Refusing to Dismiss Appeal of Bastardy Case from County Court to Circuit Court.— Appeal will not lie from circuit court's order refusing to dismiss appeal in bastardy case from county court, since such order did not finally dispose of case.

2. Bastards—Appeal to Circuit Court from Judgment of County Court Dismissing Bastardy Proceeding Held Proper.—Appeal to circuit court from judgment of county court dismissing bastardy proceeding over protest of relatrix held proper, since judgment of county court, though erroneous, was final until reversed or modified; such court having jurisdiction to hear and determine case.

3. Bastards.—On appeal to circuit court, bastardy case must be tried de novo.

4. Bastards—County Attorney had no Authority to Dismiss Appeal in Bastardy Case Over Mother's Objection.—County attorney had no authority to dismiss appeal to circuit court in bastardy case over protest of relatrix, since he represented her as much as county or child.

5. Bastards.—Bastardy proceeding is in nature of civil proceeding to enforce obligation both natural and civil.

6. Bastards.—Mother may have judgment for costs in bastardy proceeding if she succeeds.

C. C. CRABTREE for appellant.

B. F. DENHAM for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Dismissing appeal.

This is a bastardy case instituted in the Monroe county court by the appellee, Emily Chism, against Hobart Emmert. Emmert was never summoned or appeared in the county court. The appellant, who is the county attorney of Monroe county, over the protest of Emily Chism, had the county court to dismiss the proceedings, and thereupon she appealed to the Monroe circuit court. Emmert has never been summoned or appeared in the proceedings in the circuit court. The county attorney made a like motion in the circuit court to dismiss the proceedings, which the court overruled in the following order:

"This cause having been submitted on the motion of the county attorney to dismiss the appeal and

the court being advised overrules said motion and holds that the county attorney could not dismiss the case in the county court over the protest of Emily Chism, and that the case is still pending in the county court, to all of which the county attorney excepts and prays an appeal to the Court of Appeals which is granted him according to law.''

It is obvious that this appeal will have to be dismissed because the order appealed from is not a final one disposing of the case in the circuit court. The circuit court overruled the motion to dismiss the appeal, and if the appeal was properly taken to that court it follows that the case is still pending there and has not been disposed of by such a final order as is appealable. It appears that the county judge who, under the statutes has jurisdiction to hear and determine proceedings of this sort, on motion of the county attorney entered a judgment dismissing the proceedings over the protest of the relatrix. This was error as we shall point out, but though the judgment was erroneous, it was the judgment of the court which had jurisdiction to hear and determine the cause, and such judgment until reversed or modified in the manner provided by law was and is a final judgment. It was not the order of the county attorney from which the appeal was taken but the judgment of the county court which such court had the jurisdiction to enter. Therefore, the case was properly in the circuit court, where, under the case of West v. Shepherd's Committee, 127 Ky. 323, 105 S. W. 419, it must be tried anew and *de novo* and can not be remanded to the county court for trial.

The circuit court correctly adjudged that the county attorney had no authority to dismiss the appeal. In the case of Commonwealth v. Turner, 4 Dana 511, this court, speaking through Judge Robertson, said that the statutory provisions relative to bastardy proceedings were intended to secure three different objects:

"First, the welfare of helpless and destitute bastard children; second, the relief of the parishes (county) from the burthen of supporting such persons; and third, justice to their mothers and the enforcement of the natural obligations of their fathers.''

In this opinion, it was also pointed out that the reason why the mother is authorized to institute these proceedings is not only because she knows best who is the father of the child, but also "Through her intervention, justice to herself, to her child and to the parish or county of its residence" might be more certainly secured. We further said that a bastardy proceeding is not a criminal or penal prosecution but is "in the nature of a civil proceeding for enforcing an obligation both natural and civil; and that it is so far for the mother's benefit that, if she succeed, she may have a judgment for costs." See also Commonwealth v. Smalling, 146 Ky. 197, 142 S. W. 372.

In the Turner case *supra* it was held that the mother could not by a contract with the putative father bring about over the protest of the county attorney a dismissal of a bastardy proceeding in court, because otherwise she might defeat some of the objects of such a proceeding, especially those which were for the protection of the child and the community. To the same effect is Commonwealth v. Davis, 6 Bush 295.

By a parity of reasoning, the county attorney, over the protest of the mother whom he represents as much as he does the county or the child and for whose benefit the proceedings are allowed as much as for that of the county or the child, should not be permitted to dismiss such proceedings. It results, therefore, that as the county attorney had no right to dismiss the appeal, the circuit court did not err in so ruling.

However, because of the fact that this case is still pending in the circuit court, as hereinbefore stated, and has never been disposed of therein by a final order, this appeal of the county attorney from the order above mentioned must be and it is hereby dismissed.