## Bowling v. Bowling's Administrator.

(Decided December 16, 1927.)

### Appeal from Clay Circuit Court.

1. Wills.—Promise of father to mother of illegitimate child to provide for child out of his estate, in consideration of mother's agreement not to institute bastardy proceedings, is valid and enforceable.

2. Frauds, Statute of.—Generally, an oral agreement to devise real estate to another is within the statute of frauds and cannot be enforced.

3. Wills.—Measure of damages for father's breach of oral contract to devise property to illegitimate child, in consideration of mother's agreement not to institute bastardy proceedings, is value

. of property agreed to be devised as constituting in part standard of value agreed on by father for relinquishment or surrender by the mother of such right.

4.   Contracts.—In action by illegitimate child for damages for breach of contract alleged to have been entered into between father and mother, whereby, in consideration of mother's refraining from instituting bastardy proceedings, father agreed to support plaintiff and make him an equal heir, evidence as to such contract being based on an immoral and illegal consideration because agreement for future illicit relations constituted part of consideration therefor held for jury.

5.   Contracts.—Contract whereby father of illegitimate child agreed to support him and make him an equal heir is not void, even though illicit relations continued between parents, if there is no stipulation in contract for continuance of such relations.

W. O. B. LIPPS and W. W. RAWLINGS for appellant.

ROY W. HOUSE and MARTIN T. KELLY for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellant, Lawrence Bowling, the illegitimate son of Daniel Bowling, brought this action against James Bowling, administrator of the estate of Daniel Bowling, for damages for the breach of a contract alleged to have been entered into between Daniel Bowling and appellant's mother, Flora Reiser, whereby it was agreed that if she would refrain from instituting bastardy proceedings against Daniel Bowling he would support appellant and make him an equal heir with his other children.

It was alleged in the petition that Daniel Bowling at the time of his death owned property worth $40,000 and that he left ten legitimate children, and that by reason of the alleged contract plaintiff was entitled to recover of the administrator a sum equal to one-eleventh of $40,000, or $3,636, subject to the rights of Daniel Bowling's widow therein. At the conclusion of the testimony for the plaintiff, the trial court directed the jury to render a verdict for the defendant, and, from a judgment dismissing plaintiff's petition, this appeal is prosecuted.

The trial court peremptorily instructed the jury to find for the defendant because (1) the contract alleged and proved was for the devise of realty and unenforceable under the statute of frauds, and (2) the contract was made in consideration of future illicit intercourse, and therefore contrary to public policy and void.

The evidence discloses that at the time appellant was born his mother was 14 or 15 years of age, and that Daniel Bowling was married and about 40 years of age. About three weeks after appellant's birth, Daniel Bowling went to the home of a brother of appellant's mother where she was staying and told her, as testified to by the witness, Flora Reiser:

"If I would not swear the child to him, he would support him and help me raise him and make him an equal heir with the rest of his children."

Bowling did contribute now and then to appellant's support.

It is well settled in this state that the promise of a father to the mother of his illegitimate child to provide for the child out of his estate, in consideration of the mother's agreement not to institute bastardy proceedings against him, is valid and enforceable. Benge v. Hiatt's Adm'r, 82 Ky. 666, 56 Am. Rep. 912; Lewis v. Creech's Adm'r, 162 Ky. 763, 173 S. W. 133; Clark's Adm'x v. Campbell, 212 Ky. 341, 279 S. W. 327; Clark's Adm'x v. Callahan, 216 Ky. 674, 288 S. W. 301.

Daniel Bowling, at the time the alleged contract was made and at the time of his death, owned a considerable amount of real estate, and it is contended that the contract necessarily contemplated the execution of a will devising real estate, and was therefore within the statute of frauds and unenforceable. The same contention was made in Benge v. Hiatt's Adm'r, supra, and the court said:

"The agreement on the part of the mother had been fully performed. The infant was in the custody of the father, under a contract that had never been rescinded, and while the promise to convey the land could not be enforced because not in writing, and for the additional reason, as alleged, that it had been sold by the heirs, its equivalent in value can be given, not as the measure of damages for failing to convey the land, but as constituting in part the standard of value agreed on by the father for the relinquishment or surrender by the mother; and so of the $1,000 agreed to be paid as alleged. The mother cannot be deprived of the child, and no damages awarded or

compensation made, because the consideration agreed to be paid was not in writing.''

The general rule is that an oral agreement to devise real estate to another is within the statute of frauds and cannot be enforced, but where the benefit to the intestate cannot be measured in money, there is no way to determine the amount of recovery except by the pecuniary standard fixed by the parties to the contract. The measure of damages for the breach of contract to devise is the value of the property agreed to be devised. Benge v. Hiatt's Adm'r, supra; Doty's Adm'rs v. Doty's Guardian, 118 Ky. 204, 80 S. W. 803, 26 Ky. Law Rep. 63, 2 L. R. A. (N. S.) 713, 4 Ann. Cas. 1064.

The contention that the promise of Daniel Bowling to support appellant and ''make him an equal heir with the rest of his children'' was based on an immoral and an illegal consideration, because future illicit relations between the mother of appellant and the decedent were part of the consideration of the contract, is not supported by the evidence. Flora Reiser testified that the illicit relations continued for a short time after the alleged contract was made and admitted that the question of future illicit relations was discussed at the same time she claims Daniel Bowling made the agreement relative to the appellant. Her answer to one question might be construed as an admission that future illicit relations were a part of the consideration, but to a more specific question on this point she gave a positive answer in the negative. Taking into consideration all of her evidence, the question, at most, was one to be determined by the jury under a proper instruction. A contract such as the one in question is not void even though the illicit relations continue, if there is no stipulation for the continuance of such relations.

It is also suggested that there was no evidence to show that appellant's mother had threatened to institute bastardy proceedings, and there was, therefore, a failure to show any consideration. It is clear from the contract that Daniel Bowling understood that appellant's mother was contemplating instituting such proceedings, and that it was clearly understood between them what constituted the consideration for his undertaking in appellant's behalf.

It follows that the trial court erred in peremptorily instructing the jury to find for the defendant. Wherefore the judgment is reversed for further proceedings consistent herewith.