## Maher v. Commonwealth, for Use of Morgan.

(Decided January 15, 1932.)

M. J. HENNESSEY and J. M. COLLINS for appellant.

B. S. GRANNIS and D. L. WOOD for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Reversing.

On January 17, 1930, a warrant was issued for the arrest of Walter Maher to answer a charge of bastardy preferred against him by Frances Morgan as the father of her male bastard child born on December 20, 1929. On the trial of the case in the county court, the jury found the defendant guilty, and fixed the amount which he should pay for the support of the infant child at the sum of $375 a year for nineteen years, from December 20, 1929. The defendant appealed to the circuit court from the judment of the county court pursuant to the verdict. The case was retried in the circuit court; the jury returned a verdict finding the defendant guilty of bastardy as charged in the warrant, and fixing the amount that he should pay for the support, maintenance, and education of the child at $312 a year for eighteen years. The circuit court entered judgment pursuant to the verdict. The defendant appeals.

The facts shown by the proof are, in brief, these: Frances Morgan was twenty years old; she was the daughter of Tom Morgan, who had died about six years

before. She lived on a farm with her mother, sister, and two brothers. Walter Maher was twenty-six years old. He was a son of Dan Maher, who was a farmer, and lived not very far from the Morgans. He and Tom Morgan were friends, and he nursed Morgan very tenderly in his last sickness. The families continued after that on friendly terms. In January, 1929, Walter Maher bought him a car. His father had a car which he had used from time to time before that, but, after he got his own car, he was at the house of Frances Morgan very regularly every week, and would take her riding in his car. He admits having intercourse with her, but places the date of the beginning of it on May 23, 1929, but, on the other hand, she testified that it began some months earlier.

The only proof as to the defendant's financial condition is his testimony, which is in substance as follows:

"I farm; haven't any property except an automobile and a little money in bank—$175.00 or $200.00. I raise tobacco on shares. I think my annual income from my vocation is about $400.00 a year."

The statutes provide:

"If the finding of the jury be against the accused, they shall find what sum he shall pay per year and for what number of years; and the court, in rendering judgment thereon, shall make an order for the annual payment in such installments (monthly, quarterly, or half-yearly) as shall seem best, and shall also make such order for the keeping, maintenance and education of the child as may be proper." Kentucky Statutes, sec. 174.

The court gave the jury these instructions:

"1. If the jury believe from the evidence that the defendant, Walter Maher, is the father of the boy child born to Frances Morgan December 20, 1929, then they will find said defendant guilty of bastardy as charged in the warrant herein. But unless the jury so believe from the evidence, they will find the defendant not guilty, and so write their verdict.

"2. If the jury find the defendant, Walter Maher, guilty of bastardy as charged in the warrant,

they will say in their verdict what amount he shall pay per year and for what number of years for the support, maintenance and education of the boy child in controversy.''

It is earnestly insisted that instruction No. 2 is erroneous in not defining the measure of recovery. In James v. Commonwealth, 190 Ky. 458, 227 S. W. 562, 563, the court thus construed the statutes:

"Their chief purpose is to place the burden of rearing, caring for, and educating the unfortunate infant upon the shoulders of him who is responsible for its existence. If the defendant is in reality the father of the child, for whose benefit the proceedings are provided, the latter is entitled to have its father contribute such a sum as is commensurate with his ability to pay. The state is interested in having its inhabitants reared and educated in such manner as to develop the best citizenship. This duty is primarily imposed upon the parents of children, and if the mother of a bastard child, on account of her poverty, is unable to discharge that duty, the greater reason exists why the father should contribute a sum commensurate with his ability to pay for the purpose of discharging it. Hence it is said in 3 R. C. L. 767: 'The amount allowable for the maintenance of a bastard child is largely discretionary, depending upon the situation in life of the parties.' The situation of the parties necessarily includes their financial situation.''

The instruction given by the court gave the jury no rule for determining the amount of the recovery. On another trial the court will give the jury this instruction:

"If the jury find the defendant, Walter Maher, guilty of bastardy, as charged in the warrant, they will fix in their verdict the amount he shall pay for the support of said child at such a sum as will reasonably pay for the support, maintenance, care and education of said child from December 20, 1929, until maturity, in a manner benefiting the station in life and financial circumstances of said Walter Maher and Frances Morgan, and the jury will fix the amount per year, if any and the number of years of such payments.''

Upon a careful consideration of the case by the whole court, it concludes that in view of the undisputed proof as to the defendant's circumstances in life, including his financial condition, the verdict of the jury is for an excessive amount, and because of that fact and because of the defective instruction as to the measure of recovery, a new trial should be granted.

Judgment reversed, and cause remanded for a new trial and further proceedings consistent herewith.

Whole court sitting.