## Early et al. v. Bradfield's Executrix.
(Decided Dec. 1, 1936.)

T. F. BIRKHEAD for appellants.

OTTO C. MARTIN and M. L. HEAVRIN for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

George Bradfield, now deceased, resided at Owensboro, Ky. About the year 1908 he became acquainted with one Miss Lydia Puckett, appellant herein, who was about 19 years of age. It appears that an intimate friendship developed between them and they lived together for several years. At the time they became acquainted, and for some time previous thereto, Bradfield was married and had a daughter, Ethel Bradfield, now Mrs. Renfrow, the appellee herein.

In November, 1915, a male child was born to Miss Puckett, whom she named George Bradfield, Jr., and accused George Bradfield, Sr., of being the father of the child. Bradfield never denied being the father of the child and contributed to its support until the latter part of the year 1917, when he ceased having any relations with Miss Puckett.

In August, 1919, appellant appeared before a justice of the peace of Daviess county and filed her affidavit stating that "she believed that George Bradfield had committed the offense of failing to support his infant child under 14 years of age," etc. Pursuant to this affidavit the justice of the peace issued a warrant for Bradfield charging him with the offense indicated in the affidavit. The warrant reads as follows:

"It appearing from the within affidavit that there are reasonable grounds for believing that George E. Bradfield committed the offense of failing to support his infant child under 14 years of

age on or about the —— day of August 1919, in Daviess County, Kentucky, you are commanded, therefore, forthwith to arrest the said above named person and bring him before me in Owensboro, Kentucky, to be dealt with according to Law. You are commanded, also, to summon as witnesses the persons indicated hereon.

"Given under my hand this the 18 day of August, 1919.

"J. F. Hite, Justice of the Peace."

In September, 1919, an order was entered dismissing the warrant. The order reads:

"Orders Made During Examination Dismissed by agreements of all parties concerned. This Sept. 12, 1919.

"J. F. Hite, J. P. D. Co."

At the time the warrant was dismissed, Bradfield paid appellant $100, but she insisted that that sum was paid for back payments, and the real consideration for the dismissal of the warrant was that Bradfield promised and agreed with her that he would support the child, George Bradfield, Jr., if she would not institute bastardy proceedings against him. Some time subsequent to the year 1919 and before the death of Bradfield, Miss Puckett married a man named Early, and she is also referred to in this record as Lydia Puckett Early. However, Bradfield made no payments pursuant to the alleged contract, or otherwise contributed to the support of the child, except that in 1931 he gave appellant $2 with which to pay for some medicine. About the year 1918 Bradfield and his wife separated and were divorced and he continued to live at Owensboro until the year 1931, when he became in failing health and then went to his daughter's home in Ohio county and resided there with her until his death, which occurred in 1933. He left a will devising to his daughter, the appellee, all his property and named her executrix of the will.

In 1934, appellant filed with the appellee her claim against the estate of Bradfield for the sum of $1,680, claiming that he failed to comply with his agreement to support the child. She asked for $10 per month from the date of the alleged contract in 1919 up to the time of Bradfield's death in 1933.

In support of appellant's claim she filed the affi-

davits of herself and her brother, Joshua Puckett. Appellee refused to pay the claim and filed her petition in equity in the Ohio circuit court to settle the estate and made appellants, Lydia Puckett Early and George Bradfield, Jr., party defendants. At first Lydia Puckett Early filed the claim in her own name, but she later filed with her answer to the petition the joint affidavits of herself and her son, George Bradfield, Jr., making him a party to the claim, alleging that the contract was made for his benefit.

Appellee, the executrix, filed her reply denying the alleged contract and affirmatively pleaded various defenses, among which was that if the alleged contract was entered into it was void for lack of consideration. The issues were made and the court referred the case to the commissioner to audit the accounts of the estate and her proof of claims. The commissioner heard proof and made his report recommending that the claim of appellant be allowed. Exceptions were filed to the commissioner's report, and upon a trial of the case the court sustained the exceptions and refused to allow the claim or any part thereof. Hence this appeal.

Numerous reasons are argued for appellee in support of the judgment, among which is that the alleged agreement relied on by appellants was without consideration and, therefore, void.

It is the settled rule in this state that a bastardy proceeding is a civil action prosecuted in the name of the Commonwealth for the benefit of the bastard, and any agreement made by the father to support the bastard in consideration that the mother will not institute bastardy proceedings against the father, or that she will dismiss such proceeding already instituted, is a valid contract and enforcible (Smith v. Wagers' Adm'rs et al., 238 Ky. 609, 38 S. W. [2d] 685; Bowling v. Bowling's Adm'r, 222 Ky. 396, 300 S. W. 876; Clark's Adm'x v. Campbell, 212 Ky. 341, 279 S. W. 327), provided, however, the mother has a legal right to enforce a bastardy proceeding against the father.

The determinative questions in this case are: (1) Was there a bastardy proceeding pending at the time of the alleged contract; (2) if not, did appellant then or thereafter have the legal right to institute such a proceeding? We will discuss these points in the order named.

1.  The warrant did not purport to be a bastardy warrant.  It plainly charged Bradfield with failure to support his child under 14 years of age as provided in section 328 of the Kentucky Statutes.  It has been held by this court that the Statutes relate to legitimate children only but does not authorize a prosecution for the failure of the putative father to support his illegitimate child.  Com. v. Ray, 196 Ky. 203, 244 S. W. 415.  And, furthermore, the warrant was issued by a magistrate, whereas bastardy proceedings must be instituted in the county court, as provided in sections 167 and 168 of the Kentucky Statutes.  However, it is stated in brief of counsel for appellant, that, being ignorant of the law, she thought the warrant was a bastardy proceeding. We here quote a part of her testimony.

"Q.  How long after the birth of your child, George Bradfield, Jr., before his father ceased to associate with you, if he did so?  A. He just turned me down in the latter part of 1917, he quit doing anything for us.

"Q.  After he turned you down, did you make any effort to compel him to support his child and your child?  A. Yes, sir.

"Q.  What did you do?  A. In 1919 I went to lawyer, Ernest Rowe, young lawyer here, talked to him and he said there was nothing to do but get out a warrant for him, so he got out a warrant for him to make him support his infant child and he came to me and wanted me to withdraw the warrant and after a good deal of talking he said he would go ahead and support the boy without any trouble if I would release the warrant, so I told him if I released the warrant he did not support the child as he agreed to do, I would take out a bastardy warrant and make him support him.  So he promised me faithfully he would support him if I did not take out any bastardy warrant but he did not want that kind of warrant made.

"Q.  Where was that agreement made?  A. At my house in Owensboro, Kentucky, and at Esquire Hite's office."

Her evidence clearly indicates that she knew the warrant was not a bastardy proceeding.  But be that as it may, if it be conceded that she thought it was, her mistake, or ignorance of the law, could not change the

legal import of the warrant. Nor did a forbearance to prosecute the offense charged in the warrant constitute a consideration for a promise to support the child. In Steele et al. v. Crawford's Executor, 197 Ky. 798, 248 S. W. 197, it is held that a mere oral promise by the father to provide for his bastard child out of his estate is without consideration and is unenforceable; and a similar promise in consideration of future illicit intercourse with the mother of the child is contrary to public policy and void, and likewise a contract based on the agreement of the mother not to prosecute the father for seduction, has for its purpose the compounding of a felony and is void.

The offense charged in the warrant in the present case is a misdemeanor only. But it would be contrary to a sound public policy to permit one charged with any public offense, either a felony or misdemeanor, to hire the prosecuting witness to effect a dismissal of such charge instituted or to refrain from instituting one. Thus it is clearly seen that the dismissal of the warrant furnished no consideration for the alleged contract.

2. This brings us to the question of whether or not Miss Puckett's agreement, if she did so agree, not to institute a bastardy proceeding at the time the alleged agreement was made, was binding and furnished a consideration for the agreement. At the time of the alleged agreement in August, 1919, the child, George Bradfield, Jr., was more than three years of age. As we have already stated, such agreement between the father and mother of a bastard child is valid and enforceable, if the mother has a legal right to institute or prosecute such a proceeding against the father, and such right is derived solely from the Statutes, sections 167 and 168, and it must be shown that the mother of the bastard was a single woman at the time the child was begotten and that the child is less than three years old, and in the absence of such showing there is no authority for the institution of a bastardy proceeding.

In Smith v. Wagers' Adm'r et al., supra, the mother sought to accuse a man other than her husband of being the father of her child and instituted a bastardy proceeding against him. It was held that being a married woman, she could not maintain such a proceeding because the statute grants such right to a single woman only and she must be single at the time the child was

begotten. She was denied the right to invoke the statutes because she had no legal right to maintain a bastardy proceeding against the putative father. It follows then that in the present case the child being more than three years of age at the time of the alleged agreement, the appellant had no legal right to invoke the Statutes, and therefore the agreement was void for lack of consideration.

The judgment is affirmed.