## A. L. THURMOND v. STATE.

No. A-9361. Nov. 15, 1938.
(84 P. 2d 446.)

David Tant, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, P. J.   The defendant was by information charged with murder, was tried and convicted of manslaughter in the second degree, and sentenced to serve a term of two years in the state penitentiary, and has by transcript appealed to this court.

Section 3146, O. S. 1931, 22 Okla. St. Ann. § 977, defines what shall constitute the record in a case and makes it the duty of the clerk of the court to annex together and file in the clerk's office:

"(1)   The indictment and a copy of the minutes of the plea or demurrer.

"(2)   A copy of the minutes of the trial.

"(3)   The charges given or refused, and the indorsements, if any, thereon; and,

"(4)   A copy of the judgment."

When the defendant attempts to appeal by transcript it is his duty to have a complete record of the pleadings up to and including a copy of the judgment filed in this court.

The purported transcript filed by the defendant does not show a complete transcript and record as it does not include a complete copy of the clerk's minutes as required by the statute. The transcript has been carefully examined, and the court finds the information is sufficient to advise the defendant of the charge against him, and to enable him to prepare properly to meet the charge.

This case was filed in this court on July 15, 1937, and was assigned for oral argument on March 29, 1938, plaintiff's brief to be filed by March 29, 1938. On March 29, 1938, the case was submitted on the record. No brief has been filed by the defendant in support of his assignment of errors. The court therefore assumes the appeal has been abandoned or that counsel representing the defendant has reached the conclusion there are no errors in the transcript sufficient to warrant a reversal. Tucker v. State, 8 Okla. Cr. 392, 127 P. 882; Poole v. State, 37 Okla. Cr. 59, 256 P. 67.

The transcript has been carefully examined and an examination fails to disclose any prejudicial or fundamental errors. The case is affirmed.

DOYLE and BAREFOOT, JJ., concur.