# STATE v. BILLIE BOSTON.

No. A-9592.   May 16, 1940.
(102 P. 2d 889.)

308

Amos Stovall, Co. Atty., of Anadarko, for plaintiff in error.

Sam L. Wilhite, of Anadarko, for defendant in error.

JONES, J.   The defendant Billie Boston was charged in the county court of Caddo county, Okla., with the alleged offense of omitting to provide for an illegitimate minor child.

The information, omitting the caption, reads as follows:

"Now comes Amos Stovall, county attorney of Caddo county, state of Oklahoma, and in the name and by the authority of the state of Oklahoma gives the court to know and be informed that one Billie Boston, late of the county of Caddo and state of Oklahoma, on or about the 27th day of May, in the year of our Lord one thousand nine hundred and thirty-eight at and within the said county and state, did then and there intentionally, willfully and unlawfully and without lawful excuse, omit to perform a duty imposed upon him by law to furnish necessary food, clothing, and shelter for his minor child, Jackie Ray, said Billie Boston then and there being the parent of said child, and said Jackie Ray then and there being the illegitimate child of said Billie Boston and one Doris Mayberry, and said Jackie Ray then and there being eight years old, and said Billie Boston did then and there omit, fail and neglect to furnish necessary food, clothing, and shelter for said minor child of said Billie Boston contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Oklahoma."

The defendant filed a demurrer to the information upon the ground that the information failed to state facts sufficient to constitute a public offense.

Upon a hearing being had upon said demurrer, the court rendered judgment sustaining the defendant's demurrer to the information and dismissed said action, from which judgment the state appeals to this court.

The defendant contends that this appeal should be dismissed under section 3146, O. S. 1931, 22 Okla. St. Ann. § 977, upon authority of Thurmond v. State, 65 Okla. Cr. 217, 84 P. 2d 446, because of the insufficiency of the transcript on appeal.

Section 3201, O. S. 1931, 22 Okla. St. Ann. § 1063, provides as follows:

"In case of an appeal from a question reserved on the part of the state it shall not be necessary for the clerk of the court below to certify in the transcript any part of the proceedings and record except the bill of exceptions or case-made and the judgment of acquittal. When the question reserved is defectively stated the Criminal Court of Appeals may direct any other part of the proceedings and record to be certified to them."

The transcript is sufficient under the provisions of this section.

See, also, State v. Robertson, 28 Okla. Cr. 234, 230 P. 932; State v. Graham, 38 Okla. Cr. 325, 261 P. 230.

Section 27, O. S. 1931, 25 Okla. St. Ann. § 7, provides:

"The term 'children' includes children by birth and by adoption."

Section 1684, O. S. 1931, 10 Okla. St. Ann. § 4, states:

"The parent entitled to the custody of a child must give him support and education suitable to his circumstances. If the support and education which the father of a legitimate child is able to give are inadequate, the mother must assist him to the extent of her ability."

The information was predicated on section 1833, O. S. 1931, 21 Okla. St. Ann. § 852, which reads as follows:

"Every parent of any child who willfully omits, without lawful excuse, to perform any duty imposed upon him by law to furnish necessary food, clothing, shelter or medical attendance for such child is guilty of a misdemeanor."

Section 1717, O. S. 1931, 10 Okla. St. Ann. § 6, provides:

"The mother of an illegitimate unmarried minor is entitled to its custody, services and earnings."

The general rule is stated in 10 C. J. S., Bastards, at page 94, § 20, as follows:

"In the absence of a statute providing therefor, a criminal prosecution will not lie against the father of an illegitimate child for failure to support, maintain, or provide for such child, and a statutory provision making it an offense for a parent to neglect to provide for his or her child applies only to the parent of a legitimate child and does not include the parent of an illegitimate child, in the absence of any provision in the statute to the contrary."

To the same effect are the following cases: Ex parte Newsome, 212 Ala. 168, 102 So. 216; Early v. Bradfield's Ex'x, 266 Ky. 395, 99 S. W. 2d 190; State v. Lindskog, 175 Minn. 533, 221 N. W. 911; Commonwealth v. Ray, 196 Ky. 203, 244 S. W. 415; State v. McCurdy, 116 Me. 359, 102 A. 72; Beaver v. State, 96 Tex. Cr. R. 179, 256 S. W. 929, 30 A. L. R. 1073.

In 7 Am. Jur. at page 673, it is stated:

"Statutes which, without making any specific reference to illegitimates, impose on a parent or other person the duty of supporting a minor child are uniformly held to apply to legitimate children only and to have no bearing upon the support of bastards."

In 46 C. J. at page 1348, it is stated:

"C. Children within Statute. Such a statutory provision applies to the abandonment and non-support of a child which has been legally adopted, the word 'parent' as used in such statute being held to include both adopting and natural parents. But in the absence of an express provision to the contrary, the statute is generally held to apply only to the parents of legitimate children, and not to apply to the parents of bastards."

In 30 A. L. R. 1076, the following is found:

"And in People v. Green, 1912, 19 Cal. App. 109, 124 P. 871, the court reversed a judgment of conviction, the

defendant having been prosecuted under a statute, which made it an offense 'for a parent to willfully omit to furnish necessary food, clothing, shelter, or medical attendance for his child.' The child in question was the defendant's illegitimate daughter. The court said: 'Section 270 of the Penal Code seems to have been enacted with the purpose of furnishing a complement to those sections of the Civil Code which determine the obligations of parents to support and maintain their children. By the sections of the Civil Code it is determined what those obligations are, and by the section referred to of the Penal Code it is made a felony for a parent to fail to discharge his duties in those respects. Section 196 of the Civil Code provides as follows: "The parent entitled to the custody of a child must give him support and education suitable to his circumstances. If the support and education which the father of a legitimate child is able to give are inadequate, the mother must assist him to the extent of her ability." By § 200 of the same Code it is then provided: "The mother of an illegitimate unmarried minor is entitled to its custody, services, and earnings." It therefore appears that, as the mother of an illegitimate unmarried minor is entitled to its custody, service, and earnings, she then has the whole burden of providing it with support, and no duty in that regard rests upon the father. This being the state of the law, it must follow logically that the father of an illegitimate child is not subject to prosecution under §270 of the Penal Code for a failure to support the minor.' "

In 30 A. L. R. at page 1077, we find the following:

"In People v. Fitzgerald, 1915, 167 App. Div. 85, 152 N. Y. S. 641, the defendant was tried and convicted of abandonment, in violation of an act (Penal Law [Consol. Laws, c. 40] § 480) which reads as follows: 'A parent or other person charged with the care or custody for nurture or education of a child under the age of sixteen years, who abandons the child in destitute circumstances and willfully omits to furnish necessary and proper food, clothing, or shelter for such child, is guilty of felony, punishable by imprisonment for not more than two years, or by a fine not to exceed $1,000, or by both.' The child in question

was an illegitimate, of whom the defendant had been adjudged the putative father by an order of filiation, and for whose support the latter had been ordered to pay a certain sum weekly. Nothing, however, was ever contributed by him. The court said: 'The question presented is, Does the term "parent" in this section include a putative father of an illegitimate child? We think the word "parent" as used in the law in question cannot be held to apply to the defendant. It will be noted that the act does not read "a parent or a person charged with the care or custody;" it reads "a parent or other person charged with the care or custody." So a parent, to be held, must be a person charged with care and custody. The putative father is not charged with the care and custody of an illegitimate child by the mere fact of putative paternity. In the case at bar it is clear that the defendant had neither the care nor custody of the child."

The foregoing applies to statutes and to a fact situation similar to the question here presented. The statutes quoted in said cause are almost, if not exactly, verbatim with the Oklahoma statutes heretofore set out. We have provided by statute that the common law shall remain in force in aid of the general statutes. Section 2, art. 1, chapter 1, O. S. 1931, 12 Okla. St. Ann. § 2, provides:

"The common law, as modified by constitutional and statutory law, judicial decisions and the condition and wants of the people, shall remain in force in aid of the general Statutes of Oklahoma; but the rule of the common law, that statutes in derogation thereof, shall be strictly construed, shall not be applicable to any general statute of Oklahoma; but all such statutes shall be liberally construed to promote their object."

At common law, the father is not responsible for the support and maintenance of an illegitimate child. C. J. § 31, p. 955, vol. 7. Unless section 1833, supra, 21 Okla. St. Ann. § 852, has done so, we have no law in this state abrogating the common-law rule.

Texas has a statute similar to ours. In construing their statute, the Court of Criminal Appeals of Texas, in the case of Beaver v. State, 96 Tex. Cr. R. 179, 256 S. W. 929, 30 A. L. R. 1073, stated:

"In view of the common-law rule that a father is not responsible for the maintenance of an illegitimate child, Vernon's Ann. Pen. Code 1916, art. 640a, which penalizes desertion, neglect, or refusal to provide for the support of one's 'child' or 'children' under 16, means legitimate children. * * *"

The father of a bastard is not entitled to its custody, and is not chargeable with its support in the absence of a specific statute, contract to pay, adoption, or liability from bastardy proceedings. In Oklahoma we have by statute provided for the institution of bastardy proceedings to determine the paternity of an illegitimate child and requiring the father to support it. Sections 1718 to 1728, O. S. 1931, inclusive, 10 Okla. St. Ann. §§ 71-81.

These sections provide the only remedy which may be pursued in this state to compel the father of an illegitimate child to contribute to its maintenance and support.

The state filed the appeal in this case, but did not file a brief. No appearance was made at the time the cause was set for oral argument. However, owing to the public importance of the question presented, we have written this opinion in order to clarify the law in Oklahoma relative to these proceedings.

The court did not err in sustaining the demurrer of the defendant to the information filed herein. The action of the county court of Caddo county in dismissing said action is accordingly affirmed.

DOYLE, P. J., and BAREFOOT, J. concur.