## HUNT v. COMMONWEALTH.

Court of Appeals of Kentucky.

Feb. 19, 1954.

Isaac Turner, Hyden, for appellant.

J. D. Buckman, Atty. Gen., William F. Simpson, Asst. Atty. Gen., Hiram M. Brock, Jr., Harlan, for appellee.

MOREMEN, Justice.

Appellant, Dave Hunt, was convicted of the charge of bastardy and judgment was entered requiring him to pay the sum of $25 per month from the date of judgment until the illegitimate child reached her 21st birthday.

Appellant charges first that the court erred in submitting this instruction to the jury:

"If the Jury find the defendant, Dave Hunt, guilty of Bastardy as charged in the warrant, they will fix in their verdict the amount he shall pay for the support of said child at such a sum as will reasonably pay for the support, maintenance, care, and education of said child, from the ——— day of ——— 195—, until maturity, in a manner befitting the situation in life and financial circumstances of said Dave Hunt and Linda Brock, and the Jury will fix the amount per year, if any, and the number of years of such payments,"

and argues that the court should have confined the time for payment of support to the age limit of 16 years. This argument is based on the theory that KRS 435.240, which deals with the crime of abandon-

ment of a child, limits the period of parental responsibility to 16 years and appellant suggests that if one is responsible for the maintenance of one's legitimate child for only 16 years, then the law should not impose a longer time for a bastard child.

KRS 435.240 has no application here because we have held that the statute, which provides a penalty for failure to support a minor child, relates only to a legitimate child. Commonwealth v. Ray, 196 Ky. 203, 244 S.W. 415; and Early v. Bardfield's Ex'r, 266 Ky. 395, 99 S.W.2d 190.

The statute with which we are concerned is KRS 406.090. It reads:

"If the jury finds against the accused, it shall fix what sum he shall pay per year and for what number of years, and the court, in rendering judgment, shall make an order for the payment in installments (monthly, quarterly or semi annually), and shall make proper order for the custody, support and education of the child."

 The statute does not set a time limit but permits the jury to provide in a general manner, in accordance with the circumstances of the case, for the support and education of the child. This court has never attempted to equalize penalties imposed by various criminal statutes because it is within the province of the legislature to fit the punishment to the crime. There is still another distinction between KRS 435.240 and KRS 406.090 in that it has been written that a judgment for the support of an illegitimate child is a mere money judgment rendered in a civil action rather than a penalty imposed in a criminal action. Commonwealth ex rel. Powell v. Ross, 277 Ky. 212, 126 S.W.2d 150; Commonwealth ex rel. Baker v. Bondie, 277 Ky. 207, 126 S.W.2d 148; and Crabtree v. Commonwealth, 213 Ky. 415, 281 S.W. 162.

 The instruction given by the trial court was the same, mutatis mutandis, as that which was approved by this court in Maher v. Commonwealth, for use of Morgan, 242 Ky. 51, 45 S.W.2d 465, and does not specifically limit recovery to a certain number of years but does authorize the award of a sum as will reasonably pay for the support and education of said child until maturity and, further, charges the jury with the duty to fix the amount per year, if any, and the number of years of such payments. The jury in this case returned the following verdict: "We the jury agree and find the defendant guilty as charged and fix his punishment at $25 per month for the support of said infant child until maturity." The trial court entered a judgment on this verdict which required the appellant to pay "in the amount of $300 per year at the rate of $25 per month and due and payable on the first day of each month from the 21st day of March, 1953, until said child shall become 21 years of age," upon the reasonable assumption that a child becomes mature upon his 21st birthday. However, under the statute and even under the instruction given, the jury is charged with the duty to fix the sum that shall be paid per year and for what number of years, and the court is permitted only to apportion the payment of the money in installments, either monthly, quarterly or semi-annually and we conclude that the defect in the verdict was not cured by the judgment.

We recognize full well that the instruction which was approved in the Maher case and which was given in the instant case contains the words "until maturity" which are misleading but those words do not relieve the jury of its responsibility of fixing the number of years during which payments should be made. In future trials the misleading words should not be contained in instructions given. We are of opinion that the verdict of the jury did not conform to the instructions given and the judgment entered thereon is erroneous. The opinion in Maher v. Commonwealth, 242 Ky. 51, 45 S.W.2d 465, insofar as it conflicts with this opinion, is overruled.

Judgment reversed.