**Margaret Mae ANDERSON, a minor, by her mother and next friend, Bertha Anderson, Plaintiff in Error,**

v.

**Berry FRY, Defendant in Error.**

**No. 36526.**

Supreme Court of Oklahoma.

Oct. 18, 1955.

William H. McClarin, Tulsa, for plaintiff in error.

Luther P. Lane, Tulsa, for defendant in error.

PER CURIAM.

An eight year old girl, born out of wedlock, brought this action, through her mother as her next friend, against one alleged to be her father, to require the defendant to make provision for her support. This appeal is from an order sustaining a demurrer to the petition.

At common law the putative father is under no legal obligation to support his illegitimate child or to provide for its education. This rule has almost universal acceptance in this country. As a consequence, there is no liability of the alleged father unless such liability is imposed by statute. 10 C.J.S., Bastards, § 18 c, p. 86.

Most states, including Oklahoma, have adopted remedial legislation to lessen the harshness of the common law rule. Title 10 O.S.1951 §§ 71 to 81. However, "In the absence of statute, the father is under no legal obligation to support him; and the statute prescribes the mode, and the only mode, by which this support can be obtained." Simmons v. Bull, 21 Ala. 501.

 Plaintiff in Error relies on the rule first announced by the Supreme Court of Kansas in the case of Doughty v. Engler, 112 Kan. 583, 211 P. 619, 30 A.L.R. 1065. It is her contention that inasmuch as 12 O.S.1951 § 2, which provides that the common law shall remain in force in this state except as modified, was adopted from the law of Kansas, we are to follow the interpretation of this section of the code given by the Kansas Court prior to its adoption by our legislature. Accordingly, it is urged, since that court has held that there is a nonstatutory duty upon the father of an illegitimate child to provide for its support, we are to apply the rule as promulgated by the Kansas Court. The reasoning is not persuasive in that the Doughty v. Engler case, supra, was not decided until many years after the adoption of this section by our legislature. Furthermore, the rule of the Kansas case is not in accord with the great weight of authority and we decline to follow it. See 30 A.L.R. 1069–1079 for a complete annotation covering the subject.

As was pointed out by our Criminal Court of Appeals, "These sections (10 O.S. 1951, sections 71 to 81) provide the only remedy which may be pursued in this state to compel the father of an illegitimate child to contribute to its maintenance and support." State v. Boston, 69 Okl.Cr. 307, 102 P.2d 889.

 Although some allegations were contained in the petition that might suggest an adoption of this child under 10 O.S. 1951 § 55, and thereby provide a basis of liability, the allegations fall far short of those required to sustain an action thereon. In re Craven's Estate, Okl., 268 P.2d 236.

The judgment is affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Nease and approved by Commissioners Reed and Crawford, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, HALLEY, BLACKBIRD and JACKSON, JJ., concur.