**Douglas Rodney DUFF, Appellant,**

v.

**COMMONWEALTH of Kentucky, For Use and Benefit of Pearlean HUFF, Appellee.**

Court of Appeals of Kentucky.

March 23, 1962.

S. M. Ward, Vernon Faulkner, Hazard, Clark Pratt, Hindman, for appellant.

Dan T. Martin, Cordell H. Martin, Hindman, for appellee.

MONTGOMERY, Judge.

Douglas Rodney Duff appeals from an adverse judgment in a bastardy proceeding. He urges that the proceeding was barred by a three-year limitation contained in the statute. KRS 406.030(1).

On December 5, 1955, Pearlean Huff executed an affidavit before the Clerk of the Knott County Court in which she stated, inter alia, that on November 10, 1955, a bastard child, Rodney Stewart Huff, was born to her in Knott County, Kentucky, and that Douglas Rodney Duff is the father of the child. The affidavit was not marked "Filed" and no warrant or process was issued thereon until July 31, 1959. On that day, Pearlean delivered a warrant to an officer who arrested the appellant. No explanation is given for the delay. Trials in the Knott County and Circuit Courts resulted in judgments adverse to appellant.

It is the contention of appellant that under the language of the pertinent statute the prosecution of the proceeding was barred at the expiration of three years from the date of birth of the child. KRS 406.020 provides that the county clerk shall examine under oath the woman making the complaint concerning her residence, marital status, and the time and place of the child's birth. It is made the clerk's duty to reduce the statement to writing.

The pertinent statute, KRS 406.030(1) provides:

"If, on the examination made according to KRS 406.020, the child ap-

pears to be less than three years old, the clerk shall issue a warrant, directed to the sheriff or any constable, requiring him to arrest the person accused and bring him before the county judge of the county where he is found."

The proceeding for the benefit of a bastard child and its mother has its origin in an Act passed December 14, 1795. Littell's Digest of the Statute Law of Kentucky, Bastardy, Chapter XXVI, page 178. Under the original statute, the general statute of limitations applied. Commonwealth for Stafford v. Withers, 20 Ky. (4 T.B.Mon.) 510, 511. The statute concerning bastardy in substantially its present form was adopted in the 1852 revision. See Wickliffe, Turner & Nicholas' Revised Statutes of Kentucky, 1852, Bastardy, Chapter VI. Section 3 of that statute has been carried down through subsequent revisions and is now KRS 406.030(1).

In the 1852 revision, the reference to the age of the child at the time of the examination was inserted for the first time. A notation indicates the "Virginia Revision" as its origin. The reference to the age of the child apparently was intended, and has been so construed, as a limitation on the time within which the proceeding may be instituted. In Early v. Bradfield's Ex'x, 266 Ky. 395, 99 S.W.2d 190, it was held that the mother of the child had "no legal right to invoke the Statutes" when the child was more than three years of age.

It would seem that in the more than one hundred years' effective life of the statute the "three years" provision has been accepted as a limitation on the bringing of such statutory action. See Commonwealth v. Ray, 196 Ky. 203, 244 S.W. 415; Clark's Adm'x v. Campbell, 212 Ky. 341, 279 S.W. 327. No case except the Early case has been found or pointed out in which the matter was directly considered.

No other significance has been suggested for the "three years" provision.

Limitations of time for instituting bastardy proceedings have been specifically provided by statute in many states. The time provided ranges from six months to three years after birth of the child. Annotation, 155 A.L.R. 33. KRS 406.030(1) is similar to the North Carolina statute which provides that "all examinations upon oath to charge any man with being the father of a bastard child, shall be taken within three years next after the birth of the child." In State v. Perry, 122 N.C. 1043, 30 S.E. 139, it was held that this provision constituted a three-year period of limitation in which the proceeding must have been instituted. To the same effect is State v. Hedgepeth, 122 N.C. 1039, 30 S.E. 140. See also State v. Dill, 224 N.C. 57, 29 S.E.2d 145.

In view of the similarity of the North Carolina statute and the construction placed thereon and of the apparent construction by the courts of this state, the "three years" provision is a limitation which bars the bringing of a bastardy proceeding after three years from the date of birth of the child. This conclusion is in harmony with CR 3 and 4.01 concerning the commencement of a civil action. Wooton v. Begley, Ky., 305 S.W.2d 270. See Commonwealth v. Smalling, 146 Ky. 197, 142 S.W. 372; Commonwealth ex rel. Baker v. Bondie, 277 Ky. 207, 126 S.W.2d 148; and Pendleton v. Commonwealth ex rel. Rawlins, Ky., 349 S.W.2d 832, to the effect that a bastardy proceeding is a civil action and is governed by the Rules of Civil Procedure. The issuance of the warrant on which appellant was arrested was had more than three years after the birth of the child and was too late. State ex rel. v. Murphy, 120 Kan. 350, 243 P. 288; 10 C.J.S. Bastards § 60, page 156.

Judgment reversed.