The action began before a justice of the peace to recover the *Page 284 
value of work done by the plaintiff for the intestate of the defendant in his lifetime, "by hauling and chopping wood and making fires and waiting on S.C. Wilson (the intestate) in his last sickness, and for feeding his stock, for the space of three years preceding his death, to the amount of three hundred dollars." The defendant denied such indebtedness, pleaded the statute of limitations and counterclaim. The plaintiff recovered and the defendant appealed to the Superior Court.
The following is so much of the case settled on appeal as need be reported:
"It was admitted that the plaintiff was a son-in-law of said S.C. Wilson; that S.C. Wilson died in June, 1885, leaving eight children, of whom the wife of the plaintiff was one; that J. F. Wilson was appointed his administrator on 26 August, 1887, and that soon after his appointment a suit was brought by the plaintiff and his wife, E. A. Whetstine, for services rendered by the plaintiff and plaintiff's wife, and that (386) said action terminated by a judgment of nonsuit on 5 March, 1888, and that the present action was begun on 21 September, 1888.
"E. A. Whetstine, wife of the plaintiff, was introduced as a witness, and testified that she was a daughter and heir of S.C. Wilson; that in 1880 she and her husband were living in McDowell County; that her father came to see them and told them that if they would come to his place in Burke County and would live on it and take care of him he should have all of his land on the west side of Paddy's Creek; that the plaintiff and witness did go to his place and take care of him, wait on him and cut and haul his wood and nurse him in his last sickness; that he took sick in November, 1884, and got some better in the month of February, 1885, but finally died in June, 1885; that said services were worth $100 a year; that plaintiff and witness had been in possession of the land on the west side of Paddy's Creek as a tenant of S.C. Wilson, from the time of their coming to Burke County up to the death of Wilson, and had paid rent therefor; that they were in possession of the said land now and paid rent therefor.
"The defendant, upon this testimony, insisted that the plaintiff's action was barred by the statute of limitations, and that the former action of J. L. Whetstine and E. A. Whetstine did not prevent its bar, as it was not the same action, but had different plaintiffs, to wit, this plaintiff and his wife.
"The defendant also insisted that the plaintiff, if he had rendered services as testified, rendered them upon a special contract with his intestate, and in payment therefor was entitled to have the land, and that the law could not employ or substitute a different contract from that which the parties had made for themselves. The court intimated *Page 285 
an opinion that, upon the evidence, the plaintiff was not entitled to recover, upon which intimation the plaintiff submitted to a judgment of nonsuit and appealed." (387)
The complaint was oral and informal, such as is allowed in the court of a justice of the peace, where this action began. The cause of action was not alleged as founded upon a special contract, but upon a quantum meruit
for work done for the intestate of the defendant in his lifetime and at his instance.
The evidence relied on in support of the plaintiff's cause of action, accepted as true, as it must be for the present purpose, fairly interpreted, did not prove an unwritten special contract on the part of the plaintiff to do labor for the intestate of the defendant, and in consideration thereof, on the part of the intestate, to convey to the plaintiff the land mentioned. It was not so agreed in terms, nor by reasonable implication. The intestate agreed on his part that "if they (the plaintiff and his wife) would come to his place in Burke County, and would live on it and take care of him, he (the plaintiff) should have all the land," etc. When should he have it? At once, upon the so going of the husband and wife? It is not at all probable the intestate intended to part with the title to the land before they had taken "care of him," or that they understood or expected that he would do so; such is not the reasonable implication. He was an old man — that is a fair inference; he wanted — needed some one — his daughter particularly — to take care of him, and indefinitely, while he lived. The terms of the contract are general and indefinite, but the just implication of it was that if the plaintiff and his wife would "take care of" the intestate as contemplated he would make a will and therein devise the land mentioned to plaintiff. He did not make a will; he did not perform his part of the contract at all; he was (388) in default, and hence, if the plaintiff and his wife did service for him, as contemplated by the contract, or did service which he accepted and had benefit of, the plaintiff is entitled to reasonable compensation for such service. As the intestate failed to perform his part of the special contract the law implied a promise and obligation on his part to pay the plaintiff reasonable compensation for the services rendered by him in pursuance of it. Miller v. Lash, 85 N.C. 51; Jones v. Mial, 82 N.C. 252.
It does not appear that the plaintiff and his wife were living in and as members of the family of the intestate, and no presumption arises that the services rendered by them were not to be paid for as such. *Page 286 
The plea of the statute of limitations cannot avail the defendant. The wife of the plaintiff was not a necessary party plaintiff in the first action mentioned. The present plaintiff was the plaintiff in that as well as the present one, and the cause of action was the same, substantially, in both. The statute was not a bar to the first action, and as this one was begun within its twelve months next after the nonsuit in the former one, it is unaffected adversely by the lapse of time. Code, sec. 100; Martin v.Young, 85 N.C. 156.
The judgment of nonsuit must be set aside and a new trial allowed.
Error.
Cited: Bank v. Loughran, 122 N.C. 671; Patterson v. Franklin,168 N.C. 78.
(389)