Case 78.—ACTION BY MARTHA WATERS AGAINST W. H. CLINE AND OTHERS TO RECOVER LAND AND OTHER PROPERTY ON A PAROL AGREEMENT TO DEVISE SAME TO HER FOR SERVICES WHILE RESIDING WITH HER UNCLE.—March 7.

## Waters v. Cline, &c.

Appeal from Campbell Circuit Court.

A. S. BERRY Circuit Judge.

Judgment for defendants. Plaintiff appeals. Reversed.

1. Where plaintiff went to live with her uncle under a parol agreement that, in return for her services, he would devise her a certain farm, erect buildings thereon, and give her a certain sum of money, plaintiff was entitled, on the uncle's death without devising the land, to recover its value, together with the sums agreed to be expended in improving it and to be paid her, though the agreement was unenforcible under the statute of frauds.

2. In an action on an alleged contract that deceased would devise land to plaintiff in consideration of her going to live with and performing services for him, evidence that wages were paid her during the time she lived with him is admissible to disprove the contract.

HORACE W. ROOT and GEORGE H. AHLERING for appellant.

### POINTS AND AUTHORITIES CITED.

1. Error of the court in sustaining exceptions to certain questions and answers in the deposition of Elizabeth Rogers taken on behalf of appellant, Martha Waters. (William Hunter, Adm'r a. Marsh, 2 Ky. Law, Rep., 241, 81 Ky., 10.)

2. Appellant Martha Walters' suit is in equity upon the parol contract, seeking compensation or damages in lieu of specific performance. (Berry v. Graddy, 1 Met., 553; Benge v. Hiatt, 82 Ky., 666; 2d Vol. of Story's Equity Jurisprudence, secs. 798, 794 and 799; Pomeroy's Equity Jurisprudence, 1st Vol., sec. 112, 2d Ed.; Doty's Adm'r v. Doty's Guardian, 26 Ky. Law Rep., 63.)

3. Part performance on the part of the promisee of a parol' contract to ‘devise or give real estate in the consideration of · the rendition of peculiar personal services in the future, will remove the contract from the operation of the statute of frauds, and equity will decree specific performance. (Sutton v. Hayden, 62 Mo., 101; Sharkey v. McDermott [91 Mo., 617], 60 Am. Rep., 270; Owens v. McNally [113 Cal., 450], 33 L. Rep. Ann., 369; Brinton v. VanCott, 8 Utah, 480; Kofka v. Rosicky [41 Neb., 349],. 43 Am. St. Rep., 685; Quin v. Quin [5 S. Dak., 335], 49 Am. Rep., 880; Rhodes v. Rhodes; 3 'Sandf. [N. Y.], Ch., 279; Johnson v. Hubbell [N. J.], 66 Am. Dec., 773; Jaffee v. Jacobson, 48; Fed. Rep., 24, 106 U. S., 171; Pflugar v. Plutz, &c., 9 Cent. Rep.,. 488 [N. J.]; Shahan v. Swan, 48 Ohio St., 25; Wright v. Wright [99 Mich., 170], 23 L. Rep., Ann., 198.)

4. The principles announced in the Illinois, Indiana and Iowa cases repudiated, and not sustained by weight of authority. (Wright v. Wright [99 Mich., 170], 23 L. R. A., 198; Quin v.. Quin [5 S. Dak., 328], 49 Am. St. Rep., 880; Kofka v. Rosicky [41 Neb., 328], 43 Am. St. Rep., 685.)

5. Part performance, and compensation or damages in lieu of specific performance recognized in Kentucky in the character of cases we have been considering where peculiar services have been rendered. (Benge v. Hiatt, 82 Ky., 666; Berry v. Graddy,. 1 Met., 553; Vol. 8 Am. & Eng. Ency. of Law, 2d Edd., p. 1019; Page on Wills, secs. 79, 78 and 75; Usher v. Flood, 12 Ky.. Law Rep., 722; Freel v. Freel, 7 Ky. Law Rep., 288; Brewer v. Hieronymous, 19 Ky. Law Rep., 647; Story v. Story, 22 Ky. Law Rep., 1733; Price v. Price, 23 Ky. Law Rep., 1089; Jones v. Comer, 25 Ky. Law Rep., 773; Whitley v. Whitley, 26 Ky. Law Rep., 135; Doty's Adm'r v. Doty's Guardian, 26 Ky. Law Rep., 63.)

6. Court erred in granting second peremptory instruction as to the $5,000 claim, the court doing so on the ground of the failure of proof. (Secs. 131, 129 and 130 of Civil Code; Muldoon v. Merriwether, 25 Ky. Law Rep., 2085; Page on Wills, sec. 163.)

LAWRENCE MAXWELL, JR., JAS. C. WRIGHT, L. J. CRAW-FORD, BENJAMIN A. WRIGHT and JOSEPH S. GRAYSON for appellees.

POINTS CONSIDERED AND CASES CITED AND DISCUSSED.

1. A parol agreement to devise lands is within the statute of frauds. (Ky. Stats., sec. 470; Kling v. Bordner, 65 Ohio St., 86; Shahan v. Swan, 48 Ohio St., 25; Hamilton v. Thirston, 93 Md., 213; Wallace v. Long, 105 Ind., 522; Manning v. Pippen,. 86 Ala., 357; Ham v. Goodrich, 37 N. H., 185; Smith v. Smith,. ·

28 N. J. L., 208; Hale v. Hale, 90 Va., 728; 19 S. E., 739; Gould v. Mansfield, 103 Mass., 408; Richardson v. Orth, 40 Oge., 252, 66 Pac., 925; Swash v. Sharpstein, 14 Wash., 426, 44 Pac., 862; Dicken v. McKinley, 163 Ill., 318, 45 N. E., 134.)

2. The doctrine of part performance does not prevail in Kentucy. The statute is here regarded as a protection against perjury, and can not be evaded by parol proof of part performance. (Grant's Heirs v. Craigmiles, 1 Bibb., 203; Hayden v. McIlvain, 4 Bibb., 57; Speers v. Sewell, 4 Bush, 239; Holtzclaw v. Blackerby, 9 Bush, 40; Usher's Ex'or v. Flood, 83 Ky., 552; Dean v. Cassidy, 88 Ky., 572; Bullitt v. Eastern Co., 99 Ky., 324; Klein v. Liverpool & L. & G. Ins. Co., 22 Ky. Law Rep., 301, 57 S. W., 250; Barnes v. Beverly, 17 Ky. Law Rep., 586, 32 S. W., 174; Stephens v. Reaves, 3 Ky. Law Rep., 475; Hawton v. Gilpin, 24 Ky. Law Rep., 630, 69 S. W., 766 [1909]; 2 Reed, Stat. of Frauds, sec. 544.)

(a.) The same rule prevails in North Carolina, Mississippi, Massachusetts and Tennessee. (Beaman v. Buck, 17 Miss., 207; Box v. Stanford, 21 Miss., 673; Catlett v. Bacon, 33 Miss., 269; Hairston v. Jandon, 42 Miss., 380; Fisher v. Kuhn, 54 Miss., 480; Washington v. Soria, 73 Miss., 665; Patton v. McClure, Mart. & Y., 333; Ridley v. McNairy, 2 Hump. [Tenn.], 174; Albea v. Griffin, 2 Dev. & Bat. & Eq., 9; Barns v. Teague, 1 Jones Eq.; 277; Barnes v. Brown, 71 N. C., 507; White v. Holly, 91 N. C., 67; Jacobs v. Peterborough & Sherley R. R. Co., 8 Cush., 223.)

(b.) Is admitted to be the true rule in the House of Lords. (Lord Blacburn in Madison v. Alderson, L. R., 8 App., Cas. 467, 488.)

3. Doctrine of part performance obtains only in suits in equity for specific performance. It does not apply to actions for damages for breach of the contract. (Kling v. Bordner, 65 Ohio St., 86, 103; Hamilton v. Thirston, 93 Md., 213, 48 Atl., 709; Kidder v. Hunt, 1 Pick., 328; Adams v. Townsend, 1 Met., 483 [Mass.]; Waterman on Spec. Perf., sec. 259; Crabill v. Marsh, 38 Ohio St., 331; Johnson v. Hanson, 6 Ala., 351; Chicago Co. v. Davis Co., 142 Ill., 171; Leavitt v. Stern, 159 Ill., 526, 532; Brickman v. Kuykendal, 6 Blackf., 21, 24; Hallett v. Gordon, 122 Mich., 567, 81 N. W., 556; Cram v. Thompson, 87 Minn., 172, 91 N. W., 483; Nally v. Reading, 107 Mo., 351; Norton v. Preston, 15 Me., 14; Jacobs v. Peterborough, 8 Cush., 223; Payson v. West, 1 Miss., 515; Lane v. Shackford, 5 N. H., 130; O'Herlihy v. Hedges, 1 Sch. & Lef., 123, 130; Jackson v. Pierce, 2 Johns., 221; Davis v. Moore, 9 Rich. [S. C.], 215.)

4. The supposed acts of part performance fall short of establishing the contract sued on, or any agreement to devise land, and are not sufficient to take the case out of the statute of

frauds. (Maddison v. Alderson, L. R., 8 App. Cac., 467; Humphreys v. Green, 10 Q. B. D., 148; Campbell v. McKerricher, 6 Ont., 85; Wallace v. Rappleye, 103 Ill., 229; Wallace v. Long, 105 Ind., 522, 5 N. E., 666; Shahan v. Swan, 48 Ohio St., 25; Kling v. Bordner, 65 Ohio St., 86; Pond v. Sheehan, 132 Ill., 312, 23 N. E., 1018; Dicken v. McKinlay, 163 Ill., 318; 45 N. E., 134; Martin v. Martin's Estate, 108 Wis., 284; 84 N. W., 439; Hamilton v. Thirston, 93 Md., 213, 48 Atl., 709; 2 Reed Stat. Frauds, sec. 565; Edwards v. Estell, 48 Cal., 194; Grant v. Grant, 63 Conn., 530; Mills v. Joiner, 20 Fla., 479; Gorham v. Dodge, 122 Ill., 528; Johns v. Johns, 67 Ind., 440; Austin v. Davis, 128 Ind., 472; Baldwin v. Squier, 31 Kan., 283; Ham v. Goodrich, 33 N. H., 32; Peter v. Dickinson, 67 N. H., 389; Devinney v. Corey, 23 N. Y. St. Rep., 308; Russell v. Briggs, 165 N. Y., 500; Howard v. Brower, 37 Ohio St., 402; Crabill v. Marsh, 38 Ohio St., 331; Peifer v. Landis, 1 Watts., 392; Frye v. Shepler, 7 Barr., 91; Mayer's Appeal, 105 Pa., 432; Ward v. Stuart, 62 Tex., 333; Wright v. Pucket, 22 Gratt., 370; Horn v. Luddington, 32 Wis., 73; Clark v. Davidson, 53 Wis., 317; Ellis v. Cary, 74 Wis., 176; Kock v. Williams, 82 Wis., 186; Kessler's Estate, 87 Wis., 660; In re Sheldon's Estate [Wis.], 97 N. W., 524; Williams v. Morris, 95 U. S., 444; Armstrong v. Kattenhorn, 11 Ohio, 265; Ducie v. Ford, 8 Mont., 233, 19 Pac., 414, 416; Frame v. Dawson, 14 Ves., 386.)

5. The contract was an entirety, and being void as to the real estate, was void as to personality. (Pond v. Sheehan, 132 Ill., 312, 23 N. E., 1018; Grant v. Grant, 63 Conn., 530, 538; Ellis v. Cary, Adm'r, 74 Wis., 176, 184; Martin v. Estate of Martin, 108 Wis., 284, 289; Meyers v. Schemp, 67 Ill., 469; Irvine v. Stone, 6 Cush., 508; De Beerski v. Paige, 36 N. Y., 537; Shahan v. Swan, 48 Ohio St., 25; Dicken v. McKinlay, 163 Ill., 318, 45 N. E., 134; Martin v. Martin's Estate, 108 Wis., 284, 84 N. W., 439; Gould v. Mansfield, 103 Mass., 408; In re Kessler's Estate, 87 Wis., 660, 59 N. W., 129; In re Sheldon's Estate [Wis.], 97 N. W., 524; Mechelen v. Wallace, 7 Ad. & El., 49; Bostin Telephone Co. v. Richmond Telephone Co., 25 Ky. Law Rep., 1249, 77 S. W., 702.)

6. The defense of the statute of frauds was open upon the general denial of the contract. It was not necessary to plead the statute specially. (Hocker v. Gentry, 3 Metc., 463, 474; Brown v. East, 5 Monroe, 408; Smith v. Fah, 15 B. Monroe, 443; Smith v. Theobold, 86 Ky., 141; Klein v. Liverpool & L. & G. Ins. Co., 22 Ky. Law Rep., 301, 57 S. W., 250; Linn-Boyd Tobacco W. H. Co. v. Terrill, 13 Bush, 463; Hamilton v. Thirston, 93 Md., 213; Dunphy v. Ryan, 116 U. S., 491.)

OPINION BY CHIEF JUSTICE HOBSON—Reversing.

Appellant, Martha Waters, was the niece of the wife of John Cline, of Kenton county, Ky. The Clines had no children. In March, 1872, Cline and wife went on a visit to Mrs. Cline's sister, Mrs. Rogers, near Brookville, Ind. Mrs. Rogers and her husband and their daughter Mattie (now Mrs. Waters), constituted the family. Mrs. Cline was in poor health— had heart trouble and asthma—and she and her husband were both very fond of Mattie, who was then a girl about thirteen years old. They proposed to her parents that if they would let her come and live with them, just the same as their own child, and stay with them until she was 21 years old, they would clothe her, and give her a musical education; and he also agreed that by his will at his death he would give her a farm known as the "Alfred Gregg Farm," and put buildings on it and stock it at an expense of $4,000, and give her $5,000 to run it with. The Gregg farm lay in the county where they lived, about a mile from them, and was worth about $8,000. Finally, after much persuading, the parents agreed to the proposition; and they took the child home with them, to be just the same as if she was their own child. She lived with them until she was twenty-four years old; nursing and taking care of her aunt, and being treated as a daughter by Cline and his wife. In the year 1883, when she was twenty-four years old, she married Richard Waters, and has since lived with her husband. Cline faithfully carried out his contract as to the girl, except that he died in August, 1902, without making the provision for her by his will as he had agreed to do. He left a large estate, which went to his collateral kindred, as he died intestate. In the suit to settle up his estate, Martha Waters filed her petition, setting up the above facts, and alleging that

his estate was worth from $500,000 to $700,000, and praying judgment against the estate for the sum of $8,000, the value of the farm, also the further sum of $4,000, which Cline had agreed he would spend in putting buildings on it, and the further sum of $5,000 for her to run it with. The allegations of her petition were denied. The case was set for trial by a jury, and, at the conclusion of the evidence on both sides, the court instructed the jury to find for the defendants, and Mrs. Waters appeals.

The court gave a peremptory instruction on the idea that the contract relied on was within the statute of frauds. (Ky. Stats. 1903, sec. 470.) An agreement to devise lands is within the statute of frauds, which requires agreements for the sale of lands to be in writing. The rule in Kentucky is that part performance of a contract will not take it out of the statute. (Grant's Heirs v. Craigmiles, 1 Bibb, 203; Hayden v. McIlvain, 4 Bibb, 57; Worley v. Tuggle, 4 Bush, 168; Holtzclaw v. Blackerby, 9 Bush, 40; Dean v. Cassiday, 88 Ky., 572, 11 Ky. Law Rep., 105, 11 S. W., 601.) But the court has also uniformily held that the statute is a shield, not a sword, and that where the party has received the consideration of the contract the court will not allow him to rely upon the statute and keep the consideration. (Roberts v. Tunnell, 3 T. B. Mon., 247; Montague v. Garnett, 3 Bush, 297; Bethel v. Booth & Co., 115 Ky., 145, 24 Ky. Law Rep., 2024, 72 S. W., 803; Weber v. Weber, 76 S. W., 507, 25 Ky. Law Rep., 908.) In applying this rule in cases where the party who has performed the contract can not be restored to the situation in which he was before the contract was made, and it is impossible to estimate by any pecuniary standard the value of what the other party has received, this court has adopted

the rule that in such cases the contract itself is the best evidence of the value of what has been received, and, while it will not enforce specific performance by decreeing a conveyance of the land, it will adjudge compensation for what has been received by the defendant under the contract, measured by the consideration which, by the contract, he agreed to as the value of what he received. This rule was first announced in Berry v. Graddy, 1 Metc., 553. It was followed in Benge v. Hieatt, 82 Ky., 666, 6 Ky. Law Rep., 714, 56 Am. Rep., 912; Usher's Ex'ors v. Flood, 17 S. W., 132, 12 Ky. Law Rep., 722; Jones v. Comer, 76 S. W., 392, 25 Ky. Law Rep., 773; and Doty's Adm'r v. Doty's Guardian, 118 Ky., 204, 80 S. W., 803, 26 Ky. Law Rep., 63. It was also recognized in Brewer v. Hieronymus, 41 S. W., 310, 19 Ky. Law Rep., 645, and Story v. Story, 61 S. W., 279, 22 Ky. Law Rep., 1733.

It is earnestly insisted that the rule thus laid down is unsound, and that the cases above referred to should be overruled on the ground that they are inconsistent with the line of cases holding that part performance of a contract is not sufficient to take it out of the statute of frauds. There is no conflict between the cases. It is conceded in all the cases that part performance does not take a contract out of the statute of frauds. It is also conceded in all the cases that, where the statute is relied on, the defendant must restore what he has received under the contract. The cases above referred to, following Berry v. Graddy, rest on the idea that the defendant, having received the consideration of the contract, will not be permitted to retain what he has thus received, when he repudiates the contract, and that in this character of cases the contract measure of the consideration

which the defendant has received is the only measure
which will approximate justice between the parties.
Under the rule of stare decisis, we can not recede from
the doctrine so often laid down. By the arrangement
the girl gave up her home, her father and her mother.
The father and mother gave up their child. Cline
secured for himself and his sick wife a daughter in
the home. Money can secure the services of. strang-
ers, but the love and tender ministrations of a daugh-
ter are not to be bought in this way. They had long
known and loved the girl. Her presence in their
home, with her music, joyousness and dutiful atten-
tion, transformed it. Who can measure this in dol-
lars and cents? It is presumed that Cline knew what
it was worth to him. He had long been trying to get
the girl's parents to give her to him, and, when he
finally secured what he wanted, we know of no ade-
quate standard to value the consideration which he
enjoyed under the contract, except that he himself
fixed. For authorities in other States, see the follow-
ing: Sutton v. Hayden, 62 Mo., 101; Sharkey v. Mc-
Dermott, 91 Mo., 647, 4 S. W., 107, 60 Am. Rep., 270;
Owens v. McNally, 113 Cal., 450, 45 Pac., 710, 33 L.
R. A., 369; Brinton v. VanCott, 8 Utah, 480, 33 Pac.,
218; Quinn v. Quinn, 5 S. D., 335, 58 N. W., 808, 49
Am. St. Rep., 875; Rhodes v. Rhodes, 3 Sandf. Ch.
(N. Y.), 279; Parsell v. Stryker, 41 N. Y., 480; John-
son v. Hubbell (N. J.), 66 Am. Dec., 773; Wright v.
Wright, 99 Mich., 170, 58 N. W., 54, 23 L. R. A., 196;
and Kofka v. Rosicky, 41 Neb., 328, 59 N. W., 788, 25
L. R. A., 207, 43 Am. St. Rep., 685.

We do not mean to pass on the merits of appel-
lant's claim. We only hold that the evidence intro-
duced by her tended to sustain her claim as above
stated, and that the case should have been submitted
to the jury.

Judgment reversed and cause remanded for a new trial.

Extended opinion by Chief Justice Hobson.

The evidence introduced by appellees tending to show that wages were paid appellant during the time she remained at the home of John Cline was properly admitted.  This fact, if true, was a circumstance tending to show that the contract relied on by appellant was not made.  The case was properly set for a jury trial under section 12 of the Code of Practice.  The exceptions to questions 28, 29, 35, 36, 37, 38, 47, 48, 61, 62 and 67, should have been overruled.  (Hunter, Adm'r v. Marsh, 2 Ky. Law Rep., 241.)  The answer of the witness in connection with the questions show that the witness was not in fact led by the questions.

The opinion is extended as above indicated.