EMMA PEARL DAUGHTRY v. W. H. DAUGHTRY, ADMINISTRATOR C. T. A. OF SARAH KEEN, TRUDIE MAE BASS AND HUSBAND, HUBERT BASS.; ANNIE J. STRICKLAND AND HUSBAND, L. W. STRICKLAND.

(Filed 3 November, 1943.)

**1. Frauds, Statute of, § 9—**

An oral contract to give or devise real estate is void by reason of the statute of frauds, C. S., 988, and no action for a breach thereof can be maintained.

**2. Same: Executors and Administrators § 15d—**

Where personal services have been rendered in compliance with an oral contract to give or devise real estate and such contract is void by reason of the statute of frauds, the party injured by the breach thereof may maintain an action on implied *assumpsit* or *quantum meruit* for the value of the services rendered.

**3. Trial § 22a: Appeal and Error § 40e—**

When the only defendants, who have any interest adverse to the plaintiff, move for judgment of nonsuit, C. S., 567, which is granted, objection and exception thereto, upon the theory that only *some of defendants lodged* the motion, are untenable.

APPEAL by plaintiff from *Stevens, J.,* at March Term, 1943, of SAMPSON.

This is an action instituted by the plaintiff, Emma Pearl (Keen) Daughtry, for the recovery of $6,000.00, as damages for breach of an oral contract alleged to have been made by the late John W. Keen and his wife, the late Sarah Keen, of the first part, and Mellia Catherine Reeves on behalf of the plaintiff, Emma Pearl Reeves (subsequently Keen), her infant daughter, of the second part, whereby and wherein the parties of the first part agreed that they would give or devise their real estate

to the plaintiff, and the party of the second part agreed that the parties of the first part might adopt her infant daughter, Emma Pearl Reeves, and change her name from Reeves to Keen; and it is alleged that the party of the second part in all respects complied with the said contract, and the adoption as therein contemplated was accomplished; that the parties of the first part have both died, and have not only failed to convey or to devise their real estate to the plaintiff, Emma Pearl (Reeves) Keen (now by marriage Daughtry), but on the contrary have by will devised a large portion of their real estate to the defendant Trudie Mae Bass, devising but a small portion thereof to the plaintiff and to the defendant Annie J. Strickland; that the plaintiff during the lives of John W. Keen and Sarah Keen rendered to them valuable personal services; that by reason of the breach of the said contract the plaintiff has suffered damages in the sum of $6,000.00, and by reason of the rendition of said services for which she has received no compensation she is entitled to recover the sum of $6,000.00 upon the theory of implied *assumpsit* or *quantum meruit*.

When the plaintiff had introduced her evidence and rested her case, the defendants Trudie Mae Bass and her husband, Hubert Bass, moved for judgment as in case of nonsuit and to dismiss the action, and renewed said motion at the close of all the evidence (C. S., 567), which motion was allowed, and from judgment predicated upon such ruling the plaintiff appealed, assigning error.

*J. Faison Thomson for plaintiff, appellant.*

*A. McL. Graham and W. H. Fisher for Trudie Mae Bass and her husband, Hubert Bass, defendants, appellees.*

SCHENCK, J. In the course of the trial the plaintiff upon her own motion, upon leave of court, deleted from her complaint all allegations as to any cause of action based on the theory of implied *assumpsit* or *quantum meruit* and took a voluntary nonsuit as to any cause of action based on such theory. Whereupon the defendants Trudie Mae Bass and her husband, Hubert Bass, urged their motion for a judgment as of nonsuit upon all theories and for dismissal of the entire action, which motion was allowed, and from judgment predicated upon such ruling the plaintiff appealed, assigning errors.

The plaintiff upon her own request and motion having submitted to a voluntary nonsuit as to any alleged cause of. action on the theory of implied *assumpsit* or *quantum meruit* based upon personal services rendered by her to her adopting parents, the only question left for answer by this Court is: Can an action for breach of an oral contract to give or to devise real estate be maintained for damages resulting therefrom,

as upon a breach of a special contract? The decisions of this Court impel a negative answer.

The law is to the effect that an oral contract to give or to devise real estate is void by reason of the statute of frauds, C. S., 988, which provides that "all contracts to sell or convey any lands . . . shall be void unless said contract, or some memorandum or note thereof, be put in writing . . ." *Hager v. Whitener*, 204 N. C., 747, 169 S. E., 645; *Grantham v. Grantham*, 205 N. C., 363, 171 S. E., 331, and cases there cited; *Lipe v. Trust Co.*, 206 N. C., 24, 173 S. E., 316.

The same decisions cited to sustain the principle that an oral contract to give or devise land is void are likewise authority for the principle that where personal services have been rendered in compliance with an oral contract to give or to devise real estate in return therefor, and such contract is void by reason of the statute of frauds, the party injured by the breach thereof may maintain an action on implied *assumpsit* or *quantum meruit* for the value of the services rendered.

In the instant case, however, the plaintiff upon her own motion and request has submitted to a voluntary nonsuit as to any and all causes of action based on the theory of implied *assumpsit* or *quantum meruit,* and is therefore relegated to her action to have the land devised by Sarah Keen to Trudie Mae Bass and Annie Strickland and herself sold and the proceeds therefrom applied to the payment of $6,000.00 damage, which she alleges she has suffered by reason of the breach of the oral contract to give or to devise real estate to her. This action must necessarily fail as such oral contract to give or to devise lands was a contract to convey lands and since it has not, and no memorandum nor note thereof has been, put in writing, is void.

Objection and exception is urged by the appellant to the dismissal of the entire action when the only motion lodged for such action was lodged by the defendants Trudie Mae Bass and her husband, Hubert Bass.

It is true that the other defendants did not join in the motion for dismissal. Upon analysis the reason for this is apparent. First, the defendant Annie J. Strickland filed no answer, and appeared as a witness for the plaintiff and testified in effect that she was willing to lose the small amount of real estate devised to her by the late Mrs. Sarah Keen if the plaintiff was enabled to recover on the oral contract which the plaintiff alleged was made and breached. The interest of this defendant was in no wise adverse to the interest of the plaintiff, hence no motion to dismiss the action would be expected to emanate from this source.

Second, the defendant W. H. Daughtry, Administrator *c. t. a.* of Sarah Keen, while he filed answer, practically admitted all of the alle-

gations of the complaint, and as to those allegations not admitted, he "neither admits nor denies the same, but asks that the issues of fact raised by the other defendants and the plaintiff be submitted to a jury on their pleadings." This defendant likewise was a witness in behalf of the plaintiff, and gave testimony in no wise antagonistic to her claim, and withal was the husband of the plaintiff. No motion to dismiss the action would be expected to emanate from this source.

Third, in the course of the trial a voluntary nonsuit was taken as to the defendant L. W. Strickland. So no motion to dismiss could come from this source.

Fourth, the only remaining defendants were Trudie Mae Bass and her husband, Hubert Bass, and they lodged the motion for dismissal. This was to be expected, since Mrs. Bass was the principal beneficiary under the will of the late Mrs. Sarah Keen, having been devised the larger portion of her real estate, and if the plaintiff should succeed in her action to have the land of the late Mrs. Sarah Keen sold to pay the $6,000.00 alleged to be due the plaintiff for breach of the oral contract to give or to convey lands, Mrs. Bass would be the loser. Since Mrs. Bass and her husband, Hubert Bass, are the only defendants who had any interest adverse to the interest of the plaintiff, it was well within her right, moral and legal, to lodge the motion for a dismissal of the entire action. The objection and exception to the judgment of nonsuit as to the entire action upon the theory that only some of the defendants lodged motion therefor are untenable.

The judgment of the Superior Court is

Affirmed.