JAUNELL PETIT PICKELSIMER, BY AND THROUGH HER NEXT FRIEND, ROBERT T. GASH, v. CHARLES W. PICKELSIMER, JR., AND JOSEPH PICKELSIMER, EXECUTORS OF THE ESTATE OF C. W. PICKELSIMER, DECEASED.

(Filed 10 October 1962.)

**1. Trial § 29—**

Where a judge intimates an opinion adverse to the plaintiff on the law upon which his case is based or excludes evidence material and necessary to prove his case, he may submit to a nonsuit and appeal.

**2. Frauds, Statute of § 6b; Wills § 2—**

An oral contract to devise realty, as well as an indivisible oral contract to devise both real and personal property, is void and may not be enforced if the statute of frauds is pleaded. G.S. 22-2.

**3. Frauds, Statute of § 3—**

The defense of the applicable statute of frauds may be raised by pleading the statute specifically, by denying the contract, or by alleging another and different contract.

**4. Executors and Administrators § 24a—**

A party rendering personal services in consideration of the recipient's

promise to devise real property may, upon breach of the contract, recover from the recipient's estate the value of such services upon *quantum meruit.*

**5. Executors and Administrators § 24d—**

In an action in *quantum meruit* to recover for breach of contract to devise realty in consideration of personal services, the measure of damages is the reasonable value of the services.

**6. Contracts § 14—**

The right of a third party to recover on an agreement made for his benefit must be predicated upon the existence of a valid and enforceable contract.

**7. Same; Executors and Administrators § 24a; Frauds, Statute of § 4—**

Plaintiff's mother, in consideration of the deceased's promise to devise property to plaintiff, forbore bringing bastardy proceedings against deceased and moved into deceased's home and performed personal services in looking after deceased and his legitimate children during their minority. *Held:* Plaintiff's mother may have a right of action to recover the value of the services rendered upon *quantum meruit,* but, upon the plea of the statute of frauds, plaintiff may not maintain an action as the third party beneficiary of the void contract, the doctrine of part performance not being recognized in this State. *Redmon v. Roberts,* 198 N.C. 161 overruled.

APPEAL by plaintiff from *Martin, S. J.,* April 1962 Civil Term of TRANSYLVANIA.

In this action against the executors of the estate of C. W. Pickelsimer, Sr., the minor plaintiff seeks to recover a sum equal to one-fifth of the value of his estate. Plaintiff alleges that she is the illegitimate daughter of C. W. Pickelsimer, Sr. and Blanche Petit, his housekeeper; that after the birth of plaintiff on April 1, 1945, Blanche Petit moved with plaintiff to another town; that thereafter Pickelsimer orally agreed with Blanche Petit as follows: if she would not bring any suit against him, return with plaintiff to his home in Brevard, keep house for him and care for his other three minor children until they were old enough to care for themselves, that he would marry her, recognize plaintiff as his child, support and maintain her and, at his death, devise and bequeath to plaintiff a one-fifth part of his estate; that, relying upon this promise, plaintiff's mother gave up her home and business in Cashiers, returned to his home and cared for his minor children until they grew up and left home; that she likewise cared for C. W. Pickelsimer, Sr. until shortly before his death on February 4, 1960; that although Blanche Petit fully performed her part of the contract, C. W. Pickelsimer, Sr. failed to marry her and failed to devise plaintiff a one-fifth part of his estate; and that instead, he bequeathed plaintiff only the sum of one thousand dollars, plus seventy-

five dollars a month until she reached the age of eighteen. The balance of his estate, consisting of both real and personal property, he gave to defendants. The prayer is for the sum of "$250,000.00 on account of damages sustained by the minor plaintiff, the sum representing a sum equal to approximately one-fifth of the estate of C. W. Pickelsimer, Sr., or the value of the services rendered by the said Blanche Petit to the said C. W. Pickelsimer, Sr. for and on behalf of the minor plaintiff."

Answering the complaint, the defendants denied both the alleged contract and the alleged paternity of the plaintiff. They admit that C. W. Pickelsimer, Sr. was the father of four children born prior to 1945.

After the jury was impaneled and the pleadings read, the attorneys for plaintiff announced that they were prepared to offer oral evidence tending to prove the allegations of the complaint. Whereupon, the court expressed the opinion that the oral contract alleged was void by reason of the statute of frauds and that plaintiff was entitled to no recovery based on it. To this intimation the plaintiff excepted, submitted to a voluntary nonsuit, and appealed.

*Uzzell & Dumont and Hamlin, Potts, Ramsey & Hudson, attorneys for plaintiff.*

*Redden, Redden & Redden; J. Bruce Morton, and Daniel R. Dixon, attorneys for defendant.*

SHARP, J. On this appeal the plaintiff has followed an approved practice. "Where a judge intimates an opinion adverse to the plaintiff on the law upon which his case is based or excludes evidence material and necessary to prove his case, he may submit to a nonsuit and appeal." *Rochlin v. Construction Co.,* 234 N.C. 443, 67 S.E. 2d 464; *Wimberly v. Parrish,* 253 N.C. 536, 117 S.E. 2d 472. In considering this appeal the allegations of the complaint must be accepted as true.

It is settled law in North Carolina that an oral contract to convey or to devise real property is void by reason of the statute of frauds (G.S. 22-2). An indivisible oral contract to devise both real and personal property is also void. *Grady v. Faison,* 224 N.C. 567, 31 S.E. 2d 760; *Jamerson v. Logan,* 228 N.C. 540, 46 S.E. 2d 561; *Humphrey v. Faison,* 247 N.C. 127, 100 S.E. 2d 524; *McCraw v. Llewellyn,* 256 N.C. 213, 123 S.E. 2d 575. Upon a plea of the statute, it may not be specifically enforced and no recovery of damages for the loss of the bargain can be predicated upon its breach. Our statute goes to the substance as well as the remedy. *Daughtry v. Daughtry,* 223 N.C. 528, 27 S.E. 2d 446; *Jordan v. Furnace Co.,* 126 N.C. 143, 35 S.E. 247; *Rochlin v.*

*Construction Co., supra; Clapp v. Clapp,* 241 N.C. 281, 85 S.E. 2d 153. However, such a contract may be enforced unless the party to be charged takes advantage of the statute of frauds by pleading it. This he may do by pleading the statute specifically, by denying the contract, or by alleging another and different contract. *Gulley v. Macy,* 81 N.C. 356; *Weant v. McCanless,* 235 N.C. 384, 70 S.E. 2d 196.

The remedy of the promisee who has rendered personal services in consideration of an oral contract to devise real estate void under the statute of frauds is an action on implied *assumpsit* or *quantum meruit* for the value of the services rendered. *Daughtry v. Daughtry, supra; Gales v. Smith,* 249 N.C. 263, 106 S.E. 2d 164. In such case, plaintiff's recovery is not the value of the lost land but the reasonable value of his services to the defendant. Where the promisor in an oral contract to convey or devise real property has received the purchase price in money or other valuable consideration and has failed to transfer title, the promisee may recover the consideration in an action of quasi-contract for money had and received or under the doctrine of unjust enrichment. *Rochlin v. Construction Co., supra; Wells v. Foreman,* 236 N.C. 351, 72 S.E. 2d 765; *Mauney v. Norvell,* 179 N.C. 628, 103 S.E. 372.

Plaintiff Pickelsimer, however, expressly relies upon the case of *Redmon v. Roberts,* 198 N.C. 161, 150 S.E. 881. That case undoubtedly supports her position, and unless *Redmon* is overruled the decision on this appeal must be for the plaintiff. The two cases cannot be distinguished on the ground that there was no objection to the oral evidence of the contract in *Redmon.* Where the pleadings raise the question of the statute of frauds, that defense is not waived by a failure to object to the parol evidence on the trial. *Jamerson v. Logan, supra.*

In *Redmon* the plaintiff alleged and offered oral evidence tending to show that she was the illegitimate daughter of J. F. Redmon; that when plaintiff was an infant, he had agreed with her mother that if she would not bring any suit against him and would deliver plaintiff to him, he would take her into his home as his child, give her his name, and leave her a share of his estate equal with that of his other children; that relying upon this promise, plaintiff's mother fully complied with her part of the agreement; that plaintiff was cared for in Redmon's home as one of his children; that after she became of age he died intestate survived by a wife and seven children in addition to the plaintiff. Plaintiff sought to recover "a sum of money equal to the value of a child's share in the estate, real and personal, of the deceased."

The defendants, the widow and legitimate children of Redmon,

denied the material allegations of the complaint and specifically plead the statute of frauds. The jury's verdict established that plaintiff was the illegitimate daughter of Redmon; that he had made and breached the contract alleged; and that, as damages, the plaintiff was entitled to recover $6,000.00 which, under the charge, was the net value of the property he had agreed to devise. There was no exception to the judge's charge on damages, and the court's approval of it was dicta. As the opinion expressly recognized, the Court in *Hager v. Whitener*, 204 N.C. 747, 169 S.E. 645 applied this *Redmon dicta* as the measure of damages which plaintiff was entitled to recover for services he had rendered in consideration of an oral contract to convey land. However, in *Grantham v. Grantham*, 205 N.C. 363, 171 S.E. 331, the court said the *Redmon* dicta was "not in accord with the decisions of this court." See discussion of the *Redmon* dicta in 39 N.C.L.R. 98.

The opinion in *Redmon* states that plaintiff's case is based "upon the breach of contract to give the plaintiff an equal share of the intestate's property." In upholding the judgment for plaintiff, *Brogden, J.*, speaking for the Court said:

"This Court and the Courts generally have upheld and enforced oral contracts to devise or convey land in consideration of services rendered. *Whetstine v. Wilson*, 104 N.C., 385, 10 S.E., 471; *Lipe v. Houck*, 128 N.C., 115, 38 S.E., 297; *Faircloth v. Kenlaw*, 165 N.C., 228, 81 S.E., 299; *McCurry v. Purgason*, 170 N.C. 463, 87 S.E., 224; *Deal v. Wilson*, 178 N.C., 600, 101 S.E., 205; *Brown v. Williams*, 196 N.C., 247, 145 S.E., 233; *Doty v. Doty*, 2 L.R.A. (N.S.), 713; *Broughton v. Broughton*, 262 S.W., 1089; *Bowling v. Bowling's Adm'r.*, 300 S.W. 876."

The North Carolina cases cited above in the *Redmon* opinion do not sustain the proposition for which they are cited. In none of them did the Court uphold and enforce an oral contract to devise or convey land in consideration of services rendered; the plaintiff, who was not a third-party beneficiary, was allowed to recover only the reasonable value of the services he had rendered.

In *Redmon*, plaintiff was the third-party beneficiary of a contract which had been fully performed by one of the parties, her mother, who had surrendered the custody of her illegitimate child to the second party, the father, and had forborne to institute any legal proceedings against him. In sustaining the plaintiff's verdict in *Redmon*, the Court relied upon the two Kentucky cases cited in the quoted portion of the opinion: *Doty's Adm'rs. v. Doty's Guardian*, 118 Ky 204, 80 S.W. 803, 2 L.R.A. (N.S.) 713, and *Bowling v. Bowling's Adm'r.*, 222 Ky. 396, 300 S.W. 876. These two cases, the facts of which are striking-

ly similar to *Redmon,* followed the earlier Kentucky case of *Benge v. Hiatt's Adm'r.,* 82 Ky. 666, 56 Am. Rep. 912.

In each of these three Kentucky cases, the father of an illegitimate child had agreed with the mother, in consideration of her surrender of custody or her forbearance to institute bastardy proceedings against him, that he would give money and land to the child or "make him an equal heir" with his other children. In each case the father, having received the consideration, died without conveying or devising the property to the child. The Kentucky Court refused to specifically enforce these contracts because, being oral, they were within the statute of frauds, and Kentucky did not recognize the equitable doctrine of part performance. However, it applied its unique "Waters rule" permitting each plaintiff, a third-party beneficiary, to recover the value of the property the father had orally contracted to give him because the mother's peformance could not be valued in money. This rule was first applied in *Waters v. Cline,* 121 Ky. 611, 85 S.W. 209. The Court of Appeals in *Walker v. Dill's Adm'r.,* 186 Ky. 638, 643, 218 S.W. 247, 249, stated it as follows:

"(I)n cases in which it is possible to determine from the evidence the reasonable value of the services performed this will be the measure of recovery, but where the thing done or services performed are of such nature as not to admit of a reduction to a monetary value, then the (oral) contract made between the parties will be received to fix the value; and in case where lands or other property is agreed to be devised, the value of such property or land will be considered as the measure of recovery, though the thing itself cannot be recovered nor the contract specifically enforced."

In none of these Kentucky cases did the court mention the fact that plaintiff, a third-party beneficiary of an unenforceable contract, was recovering in *quantum meruit.*

In an article in 50 Kentucky Law Journal, 220, 234, the associate editor expresses the opinion that the basis of the *Waters* rule was the Kentucky Court's reluctance to leave the four-state minority of North Carolina, Tennessee, Kentucky and Mississippi which did not recognize the part performance doctrine, and that it had adopted the *Waters* rule as the most equitable substitute for specific performance.

North Carolina has repudiated and consistently declined to follow the doctrine of part performance. Anno. 104 A.L.R. 923, 928, 944, 947; *Grantham v. Grantham, supra; Ebert v. Disher,* 216 N.C. 36, 3 S.E. 2d 301; *Duckett v. Harrison,* 235 N.C. 145, 69 S.E. 2d 176; 1 N.C.L.R.

48; 15 N.C.L.R. 203. Kentucky, however, in the recent case of *Miller v. Miller*, Ky., 1960, 335 S.W. 2d 884, without mentioning part performance, appears to have withdrawn from the four-state minority. In *Miller*, an illegitimate daughter brought suit against her father's estate for breach of his oral promise to devise real property to her in return for her mother's forbearance from instituting bastardy proceedings against him. This forbearance was treated as being impossible of monetary evaluation. The trial court, following precedent, applied the *Waters* rule, held the oral contract unenforceable, but allowed plaintiff to recover the value of the promised realty. However, evidence of its value was so conflicting that the court referred to the opinions as "permissive guesses." The Appellate Court reversed the ruling on damages and decreed the transfer of the specific property to the plaintiff as logically substituting the thing itself for the uncertain value of the land.

In advancing to this denouement, the Kentucky Court recognized that cases like *Benge, Doty and Bowling* left the statute of frauds "eviscerated and stripped of its essential vitality" and "neither dead nor alive." It also noted that had the plaintiff in *Miller* read the previous decisions of the Kentucky Court before testifying, "she could scarcely have displayed greater skill in bringing her case within their scope." The court commented that "(t)he sacrifice of the objectives underlying the statute of frauds in favor of a benevolent solicitude for those who would suffer irreparable hardship in the class of cases exemplified by the one before us may be of debatable wisdom. . . ." Nevertheless, the Kentucky Court declined to overturn these cases which had become so firmly entrenched as a part of its law. Instead, it took the final step and permitted the recovery of the property rather than its value. In doing so, the court said it substituted logic for "a hybrid rule calling for an artificial measure of recovery in lieu of the real thing. . . ."

The opinion in *Miller* suggests the reasons why the decision in *Redmon* was ill-advised. *Redmon v. Roberts, supra,* is not in accord with precedent in North Carolina. It cannot be supported by logic in a state which does not recognize the doctrine of part performance. It is hereby overruled.

When the instant case was before this Court at the Fall Term of 1961, the only question presented was whether the plaintiff's mother was a necessary party. It was held that she was not. At that time no answer had been filed. The question of the statute of frauds and the validity of the contract alleged by the plaintiff had not been raised, and it was not considered. *Pickelsimer v. Pickelsimer*, 255 N.C. 408, 121 S.E. 2d 586.

With *Redmon* no longer an authority for her position, this question arises: Is there any theory upon which this plaintiff, a third-party beneficiary, who herself performed no services, gave up no right, and furnished no consideration to the promisor, can recover either upon quasi-contract or upon implied *assumpsit?*

At the outset, it should be noted that ordinarily "(b)efore any question as to the rights of third-party beneficiaries can arise, it must be established that the agreement between the parties contains all the elements of an enforceable contract." 2 Williston on Contracts, Sec. 347. As stated by *Johnson, J. in Lammonds v. Manufacturing Co.,* 243 N.C. 749, 92 S.E. 2d 143, "The third party beneficiary doctrine is well established in our law. . . .(T)he rule is that a third person may sue to enforce a *binding contract* or promise made for his benefit, even though he is a stranger both to the contract and to the consideration." (Emphasis added) Obviously, we are not here dealing with a *binding contract*. The oral contract entered into between Pickelsimer and the mother of plaintiff for her benefit is void under the statute of frauds. It may not be specifically enforced even though the consideration received and retained by the promisor cannot be valued in money, and the breach of the contract itself cannot be the basis for the recovery of damages.

The theory of the doctrine permitting recovery by a third-party beneficiary is that it is just and practical to permit a person for whose benefit the contract is made to enforce it against one whose duty it is to pay. 12 Am. Jur., Contracts, Sec. 278. Necessarily this theory presupposes a valid, enforceable contract — not one void under the statute of frauds.

The plaintiff can have no cause of an action against the estate of her punative father in quasi-contract upon the theory that it had been unjustly enriched at her expense. Plaintiff herself parted with nothing and no assets came into the hands of Pickelsimer which in equity belonged to her. 12 Am. Jur., Contracts, Sec. 277. He supported her in his home where she and her mother lived together until shortly before his death. In supporting plaintiff, he relieved her mother of an obligation which she shared with him. There is no reason to suppose that the support he furnished plaintiff in his home amounted to any less than the support payments which the court would have ordered him to make in a bastardy case.

Neither can plaintiff recover on the theory that Pickelsimer received services or benefits for which the law would imply a promise on his part to pay her their reasonable value. It was her mother who performed the services — not the plaintiff. "When services are performed by one person for another under an agreement. . . that compensation

therefor is to be provided in the will of the person receiving the benefit of such services and the latter dies intestate or fails to make such provision, *a cause of action accrues in favor of the person rendering the services.*" (Emphasis added) *Stewart v. Wyrick,* 228 N.C. 429, 45 S.E. 2d 764.

While the law will not permit one person to take the labor of another without compensation when it was performed and received in expectation of payment, it does not follow as a corollary that a third-party beneficiary under a void contract can recover for labor which another performed, even though such labor provided the consideration for the void contract.

Sometimes the measure of damages in a given situation assists us to a conclusion. Where recovery is allowed for services rendered under a contract void under the statute of frauds, it is always on the basis of the reasonable value of the services rendered by the one and accepted by the other, less any benefits received by the one. *Doub v. Hauser,* 256 N.C. 331, 123 S.E. 2d 821; *Gales v. Smith, supra.*

To permit plaintiff to recover the value of her mother's services as Pickelsimer's housekeeper in lieu of a one-fifth interest in his estate would create an anomalous situation. Logic forbids it and the result would be an invitation to a jury to place an artificial value on these services. The interest in the estate, which plaintiff would have received had the contract upon which she sued been in writing, cannot now be salvaged by any legal legerdemain.

However great the "benevolent solicitude" for the plaintiff, and the temptation engendered by it, we cannot escape the fact that the contract which was intended for plaintiff's benefit is void. She cannot recover on it because of the policy of the law of this State as expressed in the statute of frauds. If any action on implied *assumpsit* arises from the situation presented by this record, it belongs to plaintiff's mother who rendered the services. In such an action, evidence of the value of the estate would not bear upon the value of her services. *Doub v. Hauser, supra.*

For the reasons stated in this opinion, the judgment of nonsuit is
Affirmed.